**Daniel C. KENVIN, Plaintiff,**

v.

**NEWBURGER, LOEB & COMPANY et al., Defendants.**

United States District Court
S. D. New York.
March 3, 1965.

---

474

Nason & Cohen, New York City, for plaintiff.

Osmond K. Fraenkel, New York City, for defendant Newburger, Loeb & Co.

WYATT, District Judge.

This is a motion for an order under Rule 21 of the Federal Rules of Civil Procedure "severing this action with respect to the defendant Newburger, Loeb & Company".

The complaint sets forth eight claims, each called a "cause of action" and each alleged to arise out of violations of "the regulations issued by the Federal Reserve Board * * * and * * * the Securities Exchange Act of 1934." Jurisdiction of the Court is said to be rested on 15 U.S.C. §§ 78g and 78aa.

The first claim alleges that movant Newburger, Loeb & Company, stock brokers ("Newburger"), "from October 30, 1959 to January 25, 1962 * * * participated in the arrangement of [the unlawful] extension of credit to the plaintiff for the purchase of securities * * *" and that as a result thereof "plaintiff has sold the above securities * * * at an aggregate loss of $85,839.66."

The second, third and fourth claims are identical with the first except that each contains a different defendant stock broker, a different amount lost and different dates.

The fifth claim alleges that movant Newburger, during the same time period as in the first claim, impliedly warranted that it "would perform its services in a lawful manner", that it was under a duty to advise the plaintiff of certain credit regulations issued by the Federal Reserve Board, and that plaintiff sold securities for the same loss as in the first claim. The suggestion is that defendant failed to advise plaintiff of the regulations but this is not alleged.

The sixth, seventh and eighth claims are identical with the fifth except that each contains a different defendant stock broker, a different amount lost and different dates.

The moving affidavit states that Newburger "had nothing to do with any of plaintiff's transactions with any of those other Stock Exchange firms, except that on a single occasion it delivered 100 shares of Alloys Unlimited, Inc. to defendant Reuben, Rose & Co." It is urged that there was no proper joinder under Fed.R.Civ.P. 20 and that severance should be ordered under Fed.R.Civ.P. 21.

The opposing memorandum of law, not sworn to or signed, states that the plaintiff "had dealings with all of the defendants above named and there was a common factoring arrangement of which all defendants had knowledge. Based upon the common question of fact and the common questions of law, as a matter of convenience to the court, it would be proper to deny the motion for severance."

To determine whether a claim "may be severed" for misjoinder under Fed.R.Civ. P. 21 it is here necessary to refer to the principles contained in Fed.R.Civ.P. 18 and 20.

Rule 18(a) provides:

"There may be a like joinder of claims when there are multiple parties if the requirements of Rules 19, 20, and 22 are satisfied."

Rules 19 and 22 dealing respectively with necessary joinder of parties and interpleader are not here relevant.

Rule 20(a) provides in relevant part as follows:

"All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action."

■■ This rule provides for the permissive joinder of parties defendant when the liability asserted against each of the defendants arises out of the same transaction, etc. *and* presents a common question of law or fact. See Music Merchants, Inc. v. Capitol Records, 20 F.R.D. 462, 465 (E.D.N.Y.1957); 3 Moore's Federal Practice, 2722–2725. What this comes down to is that, not only must there be a common question, but also the "right to relief" must arise from the "same transaction" or "series of transactions".

■ It is evident that there is a misjoinder of parties in the case at bar in violation of Fed.R.Civ.P. 20(a).

The operative facts asserted against movant Newburger are in no way factually connected to those asserted against the other defendants. The dates, amounts lost and apparently the securities are all different. It would appear that plaintiff has alleged against each of the four defendants distinct and unrelated acts which happen to involve violations of the same statutory duty.

Even assuming that the plaintiff "had dealings with all of the defendants above named and there was a common factoring arrangement of which all defendants had knowledge" the requirement that the *right to relief* arise out of the same transaction, occurrence or series of transactions or occurrences is plainly not met.

The motion must be and is granted and plaintiff is directed to serve on or before March 15, 1965 amended complaints in which the two claims against Newburger will be set forth in an amended complaint separate from that containing the other claims.

■ It will probably still prove to be desirable that there be "a joint * * * trial" of all the claims against the four defendants, as provided for in Fed.R. Civ.P. 42(a). See Stanford v. Tennessee Valley Authority, 18 F.R.D. 152, 154–155 (M.D.Tenn.1955). The saving of time and expense in respect of jurors and witnesses—as well as the saving of time of judges and Court personnel—speaks forcefully against four separate trials.

The complaint was filed as recently as January 27, 1965; apparently only movant has answered; the time of one of the other defendants has been extended to March 9, 1965. It seems too early to order a joint trial at this stage but the disposition here made is without prejudice to an application by any party for a joint trial.

So ordered.