**In re M & L BUSINESS MACHINE CO., INC., Debtor.**

**Christine J. JOBIN, Trustee of the Bankruptcy Estate of M & L Business Machine Co., Inc., Plaintiff,**

v.

**Trevit SMITH, Gerry Dittmer, Ron Mullins, New World Marketing, Al Berk, West Coast Trading, Inco Holdings, Inc., Gary Pierce, Richard Demmitt, Sheldon Orner, D. Orner, Mazel Shaffer, Stephen Kronberger, Manns Haggerskjold, Inc., Robert Ringleman, Robert G. Joseph, and Hilltop Development Corporation, a Maryland corporation, Defendants.**

Bankruptcy No. 90–15491 CEM.
Adv. No. 91–1603 CEM.

United States Bankruptcy Court, D. Colorado.

Oct. 17, 1991.

Christine J. Jobin, Katch, Wasserman & Jobin, Denver, Colo., for the trustee of the Bankruptcy Estate of M & L Business Machine Co., Inc.

Martin Bloom, Solomon Murr Bloom & Parrish, Denver, Colo., for defendants Richard Demmitt and Hilltop Development Corp.

William Richey, Jeffrey A. Weinman, P.C., Denver, Colo., for defendant Gerry Dittmer.

## ORDER DROPPING DEFENDANTS AND DISMISSING CLAIMS

CHARLES E. MATHESON, Chief Judge.

This case was commenced by the Plaintiff as the Trustee of the Estate of M & L Business Machine Co., Inc. The complaint sets forth a total of fifteen claims for relief. In general, the complaint was filed to enable the Trustee to recover funds alleged to have been transferred postpetition by the Debtor in violation of 11 U.S.C. § 549(a).

Of the fourteen claims for relief stated against the defendants, eleven are stated against individual defendants seeking recovery for specifically identified checks issued to each defendant. The Tenth Claim for Relief seeks recovery for one check paid jointly to the Defendants, Sheldon Orner and D. Orner. The Ninth Claim for Relief seeks recovery from the Defendant Demmitt for the proceeds of nineteen checks issued to him. One of the checks was endorsed by Demmitt to Hilltop Development and the Trustee also seeks recovery as to that check from Hilltop Development. Finally, in the Ninth Claim for Relief, the Plaintiff also seeks recovery for some unidentified funds disbursed by or through Demmitt for the benefit of the Defendant Joseph. The Fifteenth Claim for Relief is stated as to all defendants under 11 U.S.C. §§ 542 and 550 to permit the Trustee to recover for the funds found to have been transferred in violation of section 549(a).

None of the transactions identified in any given claim for relief is related to the transactions in any other claim except that they are all alleged to be postpetition transfers from funds of the Debtor. The defendant or defendants in any given claim for relief are not alleged to be liable jointly, severally, or in the alternative, with the defendants in any other claim for relief. It appears that the only reason for the joinder of all of these defendants in one adversary proceeding was to avoid the necessity of paying fourteen separate filing fees for fourteen different actions.

The rule concerning the joinder of parties provides as follows:

All persons ... may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action. F.R.B.P. 7020(a).

If parties are improperly joined, the Court may not dismiss the action but may sever or may "drop" parties from the proceeding. F.R.B.P. 7021.

 It is not proper to join multiple defendants in a case if the transactions forming the basis for the claims are not related. *Michaels Building Co. v. Ameritrust Co., N.A.,* 848 F.2d 674 (6th Cir.1988). Joinder requires both the commonality of a particular transaction or occurrence and questions of law or fact. *Intercon Research Associates, Ltd. v. Dresser Industries, Inc.,* 696 F.2d 53 (7th Cir.1982).

In the present complaint, the transactions forming the basis for each claim for relief are discrete as to the defendant or defendants against whom relief is sought in the particular claim. Further, as noted, the defendant or defendants in any particular claim are not alleged to be liable either jointly, severally or in the alternative for transactions which form the basis for any other claims for relief. Thus, on its face, it is clear that the joinder of all of these defendants in one adversary proceeding violates the provisions of F.R.B.P. 7020(a).

 The question of whether a party should be dropped or dismissed from a case, if they have been improperly joined, lies within the discretion of the Court. F.R.B.P. 7021; *Michaels Building Co. v. Ameritrust Co., N.A., supra.* Various reasons favor the exercise of the Court's discretion in this case.

First, Congress has mandated that the bankruptcy process should be self-funding, at least in part, and the Court is required to charge a filing fee for the filing of adversary proceedings. Such fees collected by the Court help defray the administrative costs of handling bankruptcy matters.

The filing of complaints in the manner presented here is becoming a relatively common practice. The administrative burden on the Court is essentially the same as if fourteen separate adversary proceedings had been filed. The Court must, it is true, open only one adversary file, but it must issue fourteen or more summons, it must maintain a docket sheet keeping track of all of the pleadings from all of the defendants, it must deal with the pretrial procedures and essentially conduct fourteen separate trials, all for one docket fee. The Court is simply not being fairly or properly compensated.

Second, joinder in this manner is inherently unfair among all of the defendants. The Defendants Orner, for example, who have only $1,800 at stake according to the allegations of the complaint, may be required to sit through hours or days of trial and pretrial procedures while evidence is received and matters are dealt with on a myriad of other unrelated claims. Such inherent unfairness justifies the severance of multiple claims or the dropping of defendants subjected to such treatment. *Intercon Research Associates Limited v. Dresser Industries Inc., supra.*

Third, this Court endeavors to equitably apportion the workload of the Court among all of the judges. One way in which this is done is by assigning adversary proceedings among the judges on a random draw basis. This case distorts the allocation process by, in effect, placing the burden of fourteen cases on one division of the Court, all under one draw.

Fourth, the Administrative Office of the United States Courts maintains a variety of statistical information which it uses to allocate resources among the various courts. One statistical factor is the number of adversary proceedings which have been filed. Again, the joinder of fourteen separate adversary proceedings in one complaint serves to distort this statistical information. It has the unfortunate effect of reporting a lower workload resulting in a decreased allocation of resources to this

Court when, in fact, the multiple claims increase the burden and the need for greater resources.

The misjoinder of claims as accomplished by the complaint in this case cannot be tolerated nor can such practice be encouraged. Because of the adverse factors specified it is appropriate that this Court exercise its discretion and drop from this adversary proceeding all defendants except for the first-named defendant Trevit Smith. The dismissal of the other defendants from this proceeding is, appropriately, without prejudice to the right of the Plaintiff to initiate separate proceedings for them. Accordingly, it is hereby

ORDERED, that the Second through the Fourteenth Claims for Relief ARE HEREBY DISMISSED, and the Defendants Gerry Dittmer, Ron Mullins, New World Marketing, Al Berk, West Coast Trading, Inco Holdings, Inc., Gary Pierce, Richard Demmitt, Sheldon Orner, D. Orner, Mazel Shaffer, Stephen Kronberger, Manns Haggerskjold, Inc., Robert Ringleman, Robert G. Joseph, and Hilltop Development Corporation ARE HEREBY DROPPED from this proceeding; provided, however, the dismissal of such claims is without prejudice of the right of the Plaintiff to refile individual adversary proceedings against such defendants for the claims hereby dismissed.