In re Tommy Chester McINTOSH.

Tommy Chester McINTOSH, Plaintiff,

v.

SOUTHWESTERN BELL, Defendant.

Bankruptcy No. 93–41792S.
Adv. No. 94–4051.

United States Bankruptcy Court,
E.D. Arkansas,
Little Rock Division.

May 10, 1994.

Michael Knollmeyer, Jacksonville, AZ, for debtor/plaintiff.

---

### ORDER DISMISSING DEFENDANTS

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon a *sua sponte* review of the file. Inasmuch as the complaint joins parties who may not be joined in this single proceeding, the complaint will be dismissed without prejudice to the filing of proper, separate adversary proceedings against each of the defendants.[1] On April 21, 1994, the debtor filed "Complaint to Determine Dischargeability" in which he requested that several persons and entities, whom he omitted from his original schedules, be added to the schedules and be discharged in his bankruptcy case.

Rule 20, Federal Rules of Civil Procedure, made applicable to this proceeding by Rule 7020, provides as follows:

(a) Permissive Joinder. \* \* \* All persons ... may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences *and* if any question of law or fact common to all defendants will arise in the action. \* \* \*

(Emphasis added.) There is no question that, in this proceeding, there are common legal issues for the Court: the debtor seeks to add and discharge each of the listed creditors. However, the causes of action against the defendants do not arise out of the same transaction or occurrence.

In ascertaining whether a suit against joined defendants arise out of the "same transaction or occurrence," the Court looks to whether the claims for relief against the different parties, to be tried in a single proceeding, are reasonably or logically related. *See Mosley v. General Motors Corp.,* 497 F.2d 1330 (8th Cir.1974).

In the instant case, the defendants are creditors whom the debtor neglected to schedule. There is no connection among the defendants other than the fact that they are all creditors of the debtor. There is no underlying transaction or occurrence which connect them. Accordingly, the creditors may not be joined in one adversary proceeding. *See Citibank v. Conners (In re Conners),* 125 B.R. 611 (Bankr.S.D.Cal.1991) (multiple creditors improperly joined as parties plaintiffs in single adversary proceeding to determine nondischargeability of credit card debt).

While it is true that Rule 21, Federal Rules of Civil Procedure, provides that misjoinder is not grounds for dismissal, the Court does not believe that the administrative burden of copying the complaint in order to open separate files should be placed upon the Clerk of the Bankruptcy Court. *Com-*

---

1. The complaint also fails to comply with the Federal Rules of Bankruptcy Procedure, inasmuch as it fails to set forth the proper adversary caption for the complaint, including the names of the defendants. See Fed.R.Bankr.Proc. 7008(a), 7010.

*pare Conners,* 125 B.R. at 615 (clerk directed to copy the complaint and open new adversary proceedings). Accordingly, all of the defendants, save the first named, Southwestern Bell, shall be dismissed, without prejudice to the debtor filing original complaints against each of the other, separate defendants.

**ORDERED** that the following defendants are dismissed, Arkla Gas, AP & L, Express Leasing, Marly Scott, Columbia House, Publisher's Clearinghouse, American Family Publishers, Sports Illustrated, Tommy Love, and Billy Evans, without prejudice to the debtor filing separate adversary proceedings as to each of these defendants, within twenty (20) days of entry of this Order. The debtor shall provide a new form of summons in this adversary proceeding and in each of the adversary proceedings to be filed.

**IT IS SO ORDERED.**