**In re William COFRANCESCO, Deborah Cofrancesco, Debtors.**

**William COFRANCESCO, Plaintiff,**

**v.**

**BANK ONE, AKRON, et al., Defendants.**

Bankruptcy No. 95–32283.

Adv. No. 95–3374.

United States Bankruptcy Court,
N.D. Ohio,
Western Division.

Jan. 24, 1996.

William Swope, Findlay, OH, for Debtors.

## OPINION AND ORDER DISMISSING CLAIMS, DROPPING DEFENDANTS AND DIRECTING DEBTOR TO SHOW CAUSE WHY OTHER DEFENDANTS SHOULD NOT BE DROPPED

WALTER J. KRASNIEWSKI,
Bankruptcy Judge.

This matter is before the Court on William Cofrancesco's (the "Debtor") complaint which seeks to discharge certain of the Debtor's student loan obligations as an "undue hardship" under 11 § 523(a)(8). The Court finds that the Debtor's claims against defendants One Valley Bank, fka Farmers and Merchants Bank ("OVB"), Kent State University, National Direct Student Loans ("Kent/NDSL"), and West Virginia University, National Direct Student Loans ("WVU/NDSL") should be dismissed without prejudice. The Court further finds that OVB, Kent/NDSL and WVU/NDSL should be dropped from this adversary pursuant to Fed.R.Civ.P. 21, made applicable by Fed.R.Bankr.P. 7021, without prejudice to the Debtor's right to refile adversary complaints against said defendants. Lastly, the Court finds that the Debtor should show cause within 30 days from the date of this order why all of the remaining defendants, except for Bank One, Akron ("BOA") and the Ohio Student Loan Commission ("OSLC"), should not be dropped from this adversary.

### FACTS

The Debtor obtained student loans from BOA on May 23, 1984, June 17, 1984, August 30, 1984, August 5, 1985, and May 22, 1986. OSLC guaranteed these loans.

The Debtor also obtained student loans from a number of other lenders. The Debtor

obtained student loans from OVB on August 24, 1987, April, 28, 1988, October 12, 1989, October 25, 1989, August 27, 1990, and August 26, 1991. In addition, the Debtor obtained loans from Kent/NDSL during the period from 1983 through 1987. Moreover, the Debtor obtained loans from WVU/NDSL during the period from 1989 through 1990.

The Debtor's complaint names as defendants numerous parties to whom the Debtor may be liable on his student loans "because [such defendants] have or may claim to have a claim against the [Debtor] as a Guarantor, Assignee/Assignor, Servicing Agent or Consolidation Lender on some or all of [the Debtor's] student loan obligations". *See* Complaint, at pp. 7–8, para. 11.

## DISCUSSION

No just cause exists for permitting the joinder of OVB, Kent/NDSL or WVU/NDSL in this adversary. *Jobin v. Smith (In re M & L Business Machine Co.),* 132 B.R. 433, 435–36 (Bankr.D.Colo.1991).

In applying Fed.R.Civ.P. 20(a), made applicable by Fed.R.Bankr.P. 7020, the Court in *In re M & L Business Machine Co.* stated that:

> [i]t is not proper to join multiple defendants in a case if the transactions forming the basis for the claims are not related. *Michaels Building Co. v. Ameritrust Co., N.A.,* 848 F.2d 674 (6th Cir.1988). Joinder requires both the commonality of a particular transaction or occurrence and questions of law or fact. *Intercon Research Associates, Ltd. v. Dresser Industries, Inc.,* 696 F.2d 53 (7th Cir.1982).

*In re M & L Business Machine Co.,* 132 B.R. at 435.

The Debtor's adversary complaint fails to set forth facts indicating any connection between the loans which the Debtor received from BOA and the loans which the Debtor received from OVB, Kent/NDSL or WVU/NDSL. *See Michaels Bldg. Co. v. Ameritrust Co., N.A.,* 848 F.2d 674, 682 (6th Cir. 1988) (finding that district court properly dismissed bank from action alleging violations of RICO and Sherman Act where loan transaction involving bank did not arise from same transaction, occurrence, or series of transactions or occurrences involving other defendants); *see also Abdullah v. Acands, Inc.,* 30 F.3d 264, 268 n. 5 (1st Cir.1994)

(finding misjoinder. where plaintiff's complaint was "bereft of factual allegations indicating why 1000 plaintiffs and 93 defendants belong[ed] in the same action"); *Nassau County Ass'n of Ins. Agents, Inc. v. Aetna Life & Casualty Co.,* 497 F.2d 1151, 1154 (2nd Cir.1974), *cert. denied,* 419 U.S. 968, 95 S.Ct. 232, 42 L.Ed.2d 184 (1974) (finding misjoinder in action involving 164 defendants where plaintiff failed to allege right to relief arising from same transaction or series of transactions). Furthermore, the factual allegations in the Debtor's complaint fail to adequately set forth the manner in which the Debtor's claims against the other defendants named in this adversary are related to the Debtor's loan transactions with BOA.

In light of the foregoing, it is therefore

ORDERED that the Debtor's claims against OVB, Kent/NDSL and WVU/NDSL be, and they hereby are, dismissed without prejudice. It is further

ORDERED that OVB, Kent/NDSL, and WVU/NDSL be, and they hereby are, dropped from this adversary proceeding without prejudice to the Debtor's right to refile individual adversary proceedings against said defendants. It is further

ORDERED that the Debtor show cause within 30 days of the date of this Order why the remaining defendants, except for Bank One, Akron and the Ohio Student Loan Commission, should not be dropped from this adversary.