In re NUCLEAR IMAGING SYSTEMS, INC. Cardiovascular Concepts, P.C., Debtors.

NPF X, Inc., Plaintiff,

v.

Christine Shubert, Chapter 7 Trustee, Cardiology & Endovascular Interventional Assoc., P.C., Commerce Bank, N.A., Jack H. Dworkin, M.D. FACC, Giamber, Dale, Malacoff & Smith, P.C., Frederick Weinberg, Heart Specialists of Central Jersey, LLP, Independence Blue Cross, Inc., Keystone Health Plan East, Inc., Jeffrey Mandler, Medical Management Concepts, Inc., Richard Meltzer, M.D., Monmount Cardiology Associates, LLC, Premier Cardiology Group, Anthony Sahar, Mahood Shariff, Plexus Group, Inc., United States Trustee for the Eastern District of Pennsylvania, William M. Remington, Director for the State of Delaware, Division of Revenue, M. Jame Brady, Attorney General for the State of Delaware, William D. Schaffer, Comptroller of the State of Maryland, The State of New Jersey c/o John J. Farmer, Jr., Barbara Hafer, State Treasurer Treasurer for the Commonwealth of Pennsylvania, Pennsylvania Office of the Attorney General, Folasade A. Olanipekun, Treasurer for the City of Philadelphia and John Does Nos. 1 to 100, Defendants.

Bankruptcy Nos. 00–19698F, 00–19697F. Adversary No. 01–1173.

United States Bankruptcy Court, E.D. Pennsylvania.

March 6, 2002.

Albert A. Ciardi, Jr., Philadelphia, PA, David Kraut, Blue Bell, PA, for debtors.

David B. Aaronson, Philadelphia, PA, Derek J. Allen, Brooks, Pierce, McLendon, Humphrey & Leonard, L.L.P., Greensboro, NC, Jonathan D. Bennett, Cherry Hill, NJ, Michael A. Bloom, Philadelphia, PA, Morton R. Branzburg, Philadelphia, PA, David A. Fisher, Baltimore, MD, Graham D. Guthrie, Purcell & Scott, Dublin, OH, Scott K. Intner, Whiteford Taylor & Preston LLP, Baltimore, MD, Andrew C. Kassner, Drinker Biddle & Reath, Philadelphia, PA, Laurie A. Krepto, Pepper Hamilton LLP, Philadelphia, PA, Scott R. Lipson, Tallman, Hudders & Sorrentino, P.C., Allentown, PA, Leslie D. Locke, Chicago, IL, Thomas R. Merry, Purcell & Scott L.P.A., Dublin, OH, Christopher R. Momjian, Office of Attorney General, Philadelphia, PA, James E. O'Neill, III, Wilmington, DE, Maria K. Pum, San Diego, CA, Michael H. Reed, Philadelphia, PA, Linda J. Schwimmer, Lawrenceville, NJ, Ernest B. Thompson, Nashville, TN, David A. Vesel, Raleigh, NC, Ina S. Weiner, Philadelphia, PA, Robert D. Whaley, Whaley Letteer & Mock, PC, Dallas, TX, for creditors.

## MEMORANDUM

BRUCE I. FOX, Chief Judge.

On December 4, 2001, the plaintiff, NPF X, Inc., filed the above-captioned adversary proceeding naming as defendants 24 separate individuals and entities (plus up to one hundred unnamed defendants). The complaint seeks differing amounts of monetary damages from each named defendant, ranging from $958.42 from defen-

dant Shariff, (*see* ¶ 74) up to $2,800,000.00 against defendant Mandler (*see* ¶ 121).

The plaintiff alleges in its complaint that while Nuclear Imaging Systems, Inc. and Cardiovascular Concepts, P.C. were chapter 11 debtors in possession (both cases have since been converted to chapter 7), these debtors were authorized to use cash collateral until April 30, 2001. (Complaint, ¶ 51.) NPF X asserts a security interest in all the debtors' receivables and maintains in its complaint that it received a replacement lien on all of the debtors' post-bankruptcy receivables. (Complaint, ¶¶ 32, 33.)

The plaintiff contends that the two debtors were authorized to hire defendant Plexus Group as a "management consultant" until February 14, 2001. (Complaint, ¶¶ 34, 43.) Among its duties, Plexus was to issue checks on the debtors' behalf. (Complaint, ¶ 36.)

NPF X asserts that Plexus improperly used the proceeds of the debtors' receivables to pay these various defendants beyond the April 30th cash collateral cessation date in violation of section 549 of the Bankruptcy Code. (Complaint, ¶¶ 54, 55). In paragraphs 58–80, NPF X avers that all named defendants (including Plexus and Mandler, but not including defendant Shubert, who is the chapter 7 trustee for both debtor's estates) wrongfully received payments from the proceeds of its cash collateral after April 30, 2001.

In count I of its complaint, the plaintiff seeks a monetary judgment against these defendants pursuant to 11 U.S.C. §§ 549 and 550 for payments allegedly received by them after April 30, 2001. In counts II (conversion), III ("unjust enrichment"), and VI ("monies had and received"), the plaintiff seeks identical relief against these defendants raising state common law theories of recovery.

As noted earlier, the damages sought range widely in amounts. Eleven defendants allegedly received less than $4,000.00 each in challenged payments. Four more are alleged to have received less than $7,000.00 each. The largest damages asserted in these four counts are against defendants Plexus ($128,980.86) and Mandler ($40,000.00). Moreover, some of the defendants are governmental entities, including the United States trustee.

Counts IV (breach of contract) and V (breach of fiduciary duty) are claims asserted only against defendant Plexus. The plaintiff contends that Plexus violated its management contract and its "fiduciary duties" by using the proceeds of the debtors' receivables to pay third parties after April 30, 2001. It seeks damages under these two counts in excess of $500,000.00.

In Count VII, NPF X avers that defendant Plexus was a bankruptcy "professional" within the meaning of section 327. To the extent that Plexus received any compensation from the debtors for services rendered, the plaintiff asserts that this compensation was paid in violation of 11 U.S.C. § 330 and 331 and must be "disgorged." (Complaint, ¶ 118.)

Finally, in count VIII, NPF X seeks to enforce a contractual guarantee allegedly provided by defendant Mandler in the course of the debtors' chapter 11 cases in April, 2001. The plaintiff contends that it has suffered damages in excess of $2,393,436.90 and seeks a monetary judgment in a somewhat larger amount based upon this asserted guarantee agreement.

In reviewing this lengthy complaint, I had concerns that the small damage claims for post-April 30th funds purportedly received, which the plaintiff lodged against many of the defendants, appeared to be based upon a similar legal theory but were otherwise unconnected. Moreover, I could

see no connection among those claims and the claims against Plexus Group for allegedly breaching its management agreement or for improper payment as a professional; nor could I see a connection between the claims against Plexus and the breach of guarantee claim raised against Mr. Mandler. Accordingly, I requested that the parties consider whether the joinder provisions of Fed.R.Bankr.P. 7020 were violated.

At oral argument, all defendants who participated asserted that they had been misjoined and sought relief under Rule 7021. The plaintiff, however, maintained that its complaint was a proper use of the permissive joinder provisions of Rule 7020.

Fed.R.Bankr.P. 7020 incorporates Fed. R.Bankr.P. 20 in adversary proceedings such as this. Rule 20(a) permits the permissive joinder of multiple parties by providing in relevant part:

> All persons (and any vessel, cargo or other property subject to admiralty process in rem) may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

"Rule 20(a) contemplates two tests for joinder: 1) the occurrence of some question of fact or law common to all parties; and 2) the existence of a right to relief predicated upon or arising out of a single transaction or occurrence or series thereof. Both tests must be satisfied if joinder is to be permitted." *In re Conners,* 125 B.R. 611, 614 (Bankr.S.D.Cal. 1991); *see, e.g., Holcomb v. Norwest Financial, Inc.,* 217 B.R. 239, 241 (N.D.Ill. 1998). Although the rule permitting joinder is liberally construed, a court does not have the discretion to permit joinder when a party has failed to meet both tests. *Accord Gruening v. Sucic,* 89 F.R.D. 573 (E.D.Pa.1981). Moreover, of these two tests, the requirement of "transactional relatedness" is more difficult to establish than the requirement of a common question. Coquillette, *et al.,* 4 *Moore's Federal Practice 3d,* §§ 20.02[1][a], 20.05[1] (1999).

Rule 7020 must be contrasted with Fed. Bankr.P. 7018, which incorporates Fed. R.Civ.P. 18. Rule 18(a) allows a plaintiff to raise as many claims against a particular defendant as it may have, regardless of the connection of the various claims and irrespective of the commonality of facts or issues. *See generally Schwab v. Erie Lackawanna R. Co.,* 438 F.2d 62 (3d Cir. 1971); Coquillette, *et al.,* 4 *Moore's Federal Practice 3d,* § 18.02[1] (1999). Rule 20, however, allows a plaintiff to permissibly join multiple defendants in one lawsuit, but only if there is a nexus between the claims raised as well as common issues of law or fact. *See Intercon Research Associates, Ltd. v. Dresser Industries, Inc.,* 696 F.2d 53 (7th Cir.1982).

In addition, Fed.R.Bankr.P. 7021 incorporates Fed.R.Civ.P. 21 in adversary proceedings. Rule 21 states:

> Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately.

Thus, if a plaintiff has improperly joined defendants, the lawsuit is not dismissed; rather, the proper remedy is to dismiss only the misjoined defendants without prejudice to the plaintiff's right to bring suit against them separately. *See In*

*re M & L Business Mach. Co., Inc.*, 132 B.R. 433, 436 (Bankr.D.Colo.1991).

By virtue of Rule 7018, NPF X, Inc. had the right to raise all claims it had against Plexus Group in one adversary proceeding. Similarly, it had the right to raise all claims it had against Jeffrey Mandler in one adversary proceeding. Clearly, though, neither its breach of contract claim, breach of fiduciary duty claim, nor violation of section 330 and 331 claim against Plexus has any nexus with its claim against Mr. Mandler for recovery on its guarantee. *See generally Holcomb v. Norwest Financial, Inc.; In re Conners.*

NPF X nonetheless implicitly argues that joinder of these defendants was proper because both Plexus and Mandler, along with the other defendants, allegedly received improper post-April 30th payments of estate property. In other words, the plaintiff maintains that it properly joined numerous parties who received improper payments from the proceeds of its collateral. If so, then it implies that under Rule 7018 it may properly include in the same lawsuit all claims of any nature that it has against any of those defendants.

Accordingly, the linchpin of the plaintiff's procedural position is its asserted right to join in one complaint all defendants who have allegedly received improper payments from a bankruptcy estate. For the following reasons, though, I find this contention unpersuasive.

Courts have clearly rejected the notion that a plaintiff may permissibly join defendants in one lawsuit simply because they are all purportedly liable to the plaintiff on similar or identical causes of action. Thus,

a cable television provider could not join 104 individuals who allegedly received unauthorized reception of the plaintiff's "pay-per-view" programming without an allegation that the defendants were acting jointly.[1] *Tele–Media Co. of Western Conn. v. Antidormi,* 179 F.R.D. 75 (D.Conn.1998); *accord Movie Systems, Inc. v. Abel,* 99 F.R.D. 129 (D.Minn.1983) (distributer of television programs improperly attempted to join 1795 individuals who allegedly "pirated" its microwave signals).[2] Similarly, in *Kenvin v. Newburger, Loeb & Co.,* 37 F.R.D. 473 (S.D.N.Y.1965), a lawsuit brought against four stockholders was held to be misjoined, even though the plaintiff asserted that each defendant violated the same statutory provisions. "It would appear that plaintiff has alleged against each of the four defendants distinct and unrelated acts which happen to involve violations of the same statutory duty." *Id.* at 475.

Indeed, in *Federal Housing Adm'r v. Christianson,* 26 F.Supp. 419 (D.Conn. 1939) the district court held (under an earlier version of Rule 20) that plaintiff's attempt to collect on two different promissory notes from different obligors could not be joined in one lawsuit:

> For under the first count the only questions of law relate to the liability of the three defendants upon the first note and under the second count the only questions of law relate to the liability of the two defendants upon the second note. Whether the same general principles of law are applicable is no part of the prescribed test. To rule otherwise would in effect permit a creditor, such as a bank, to bring a single action against

---

1. Joint action would provide the necessary transactional relatedness for joinder.

2. One court has explained that a plaintiff's attempt to sue two or more defendants who have allegedly committed similar tortious

conduct requires, under Rule 20, that there be some " 'systematic pattern' or logical relation between the tortious events ... [*e.g.*] that the parties were acting in concert...." *Gruening v. Sucic,* 89 F.R.D., at 574.

all debtors whose obligations arose out of promissory notes, upon the theory that a common question of law was involved.

*Id.*

Bankruptcy courts have reached the same conclusion and have not permitted a debtor to join various creditors in one lawsuit in seeking a determination that these otherwise separate obligations were dischargeable under section 523. *See, e.g., In re Cofrancesco,* 191 B.R. 370 (Bankr. N.D.Ohio, 1996) (debtor improperly joined multiple defendants); *In re McIntosh,* 168 B.R. 187 (Bankr.E.D.Ark., 1994) (same); *see also In re Conners* (various creditors were improperly joined as plaintiffs seeking a determination that their claims were non-dischargeable).

Even more apposite, a bankruptcy court has held that a bankruptcy trustee's attempt to join eleven individual defendants in one lawsuit—on the basis that each of them received improper postpetition transfers from the debtor, in violation of section 549—violated the joinder provisions of Rule 7020:

> None of the transactions identified in any given claim for relief is related to the transactions in any other claim except that they are all alleged to be post-petition transfers from funds of the Debtor. The defendant or defendants in any given claim for relief are not alleged to be liable jointly, severally, or in the alternative, with the defendants in any other claim for relief. It appears that the only reason for the joinder of all of these defendants in one adversary proceeding was to avoid the necessity of

paying fourteen separate filing fees for fourteen different actions.

*In re M & L Business Mach. Co., Inc.,* 132 B.R. 433, 435 (Bankr.D.Colo.1991).[3]

NPF X contends that the holding in *In re M & L Business Mach. Co., Inc.* is inapplicable because it did not file one adversary proceeding in order to avoid multiple filing fees. Rather, it joined all of these defendants because it considered it the most economical way for it, the plaintiff, to proceed. Moreover, NPF X cites to *In re Lee Way Holding Co.,* 104 B.R. 881 (Bankr.S.D.Ohio 1989) to support its interpretation of Rule 7020.

In *In re Lee Way Holding Co.,* the bankruptcy court allowed a trustee to join multiple defendants in one adversary proceeding to collect prepetition accounts receivables. These accounts were separate and there was no averment of joint action by the defendants.

NPF X does not refer and I am aware of no reported decision which has reached a similar conclusion. Indeed, upon my review of the opinion in *Lee Way Holding,* it appears that the bankruptcy court incorrectly equated the similarity in the nature of the claims against multiple defendants with the Rule 20 standard requiring "the same transaction, occurrence or series of transactions or occurrences."

For a number of reasons, I am persuaded that misjoinder of defendants has occurred in the instant adversary proceeding.

First, the Rule 7020 transactional relatedness standard has not been established permitting such permissive joinder.[4] The

**3.** NPF X emphasizes that the connection among the defendants in this adversary proceeding is that they all received a distribution of estate funds from another defendant, Plexus Group. Yet, in *M & L Business Machine Co., Inc.,* all of those defendants would have

received the challenged transfers from the same source: the debtor. Nonetheless, the court concluded that the joinder requirements of Rule 7020 were not established.

**4.** If the standard for permissive joinder of multiple defendants were simply the conve-

complaint simply avers that in a discrete series of transfers, each unconnected to any other, various entities received estate funds. One transfer has no relationship with any other beyond the common source for payment. Were this sufficient for joinder under Rule 20, then bankruptcy trustees would be permitted to bring one lawsuit for all preference actions, one lawsuit for all fraudulent conveyance actions, and one lawsuit to collect all prepetition receivables.

Second, it is unfair to these defendants, more than half of whom are being sued for less than $7,000.00, to require them to be parties to litigation principally involving NPF X against Plexus for $500,000.00 and against Mandler for $2.8 million. The plaintiff and those two defendants will likely involve themselves in extensive pretrial litigation activities. The other defendants will have no economic incentive to do so.[5]

Third, pretrial issues are likely to be posed by the governmental defendants (*i.e.*, sovereign immunity) which will not be germane to the other defendants. Indeed, it is problematic whether joinder of the other defendants with defendant United States trustee is permissible, irrespective of Rule 20. *See* 7 Wright & Miller, *Federal Practice & Procedure*, § 1658 (2000).

In so concluding, I appreciate that there are some common issues of fact and law involved in the claims raised against these defendants. Such issues will include the plaintiff's standing to assert a claim under section 549, *see generally Hartford Underwriters Ins. Co. v. Union Planters Bank,*

*N.A.,* 530 U.S. 1, 120 S.Ct. 1942, 147 L.Ed.2d 1 (2000) (creditor does not have standing to raise a claim under section 506(c)), and the applicability (if any) of the protections afforded under section 550(b)(1). *See generally Bonded Financial Services, Inc. v. European American Bank,* 838 F.2d 890 (7th Cir.1988).[6] Nonetheless, to the extent those and other common issues justify economies in the administration of these numerous claims, one or more parties may request consolidation under Fed.R.Bankr.P. 7042 (which incorporates Fed.R.Civ.P. 42). *See Magnavox Co. v. APF Electronics, Inc.,* 496 F.Supp. 29, 34 (N.D.Ill.1980) ("Normally, where joinder is improper, separate actions can be initiated and later consideration will be given to the possibility of consolidation under [Rule] 42(a)").

Finally, my conclusion that NPF X has violated Rule 7020 in misjoining all of these defendants does not justify the dismissal of the entire proceeding. Instead, I may exercise my discretion and drop from this adversary proceeding all defendants except for the most appropriate defendant, without prejudice to the right of the NPF X to initiate separate adversary proceedings against the other defendants. *In re M & L Business Mach. Co., Inc.,* 132 B.R. at 436.

As Plexus is a named defendant in every counts of the complaint except the last, and as this defendant has filed a motion to dismiss that raises a number of issues which may be common to the other defen-

nience of the plaintiff, then the language of Rule 20 would mirror that of Rule 18.

**5.** Indeed, as to at least one defendant, the claim is so small that venue in this court under 28 U.S.C. § 1409(b) would not be proper.

**6.** The common law claims such as conversion may yield similar defenses. *See generally Rankin v. Chase Nat. Bank,* 188 U.S. 557, 565, 23 S.Ct. 372, 47 L.Ed. 594 (1903); *Solomon v. Gibson,* 419 Pa.Super. 284, 615 A.2d 367 (1992); Bartell, "The Lease of Money in Bankruptcy: Time for Consistency?" 16 *Bankr.Dev.J.* 267, 294–95 (2000).

dants,[7] an order shall be entered which dismisses without prejudice all defendants other than defendant Plexus Group.[8]

## ORDER

AND NOW, this 6th day of March, 2002, for the reasons stated in the accompanying memorandum, it is hereby ordered that all defendants except Plexus Group, Inc. are dismissed from this adversary proceeding without prejudice.

It is further ordered that a hearing on the motion to dismiss filed by Plexus Group shall take place on March 25, 2002 at 11:00 A.M. in Bankruptcy Courtroom # 2.

---

**7.** My conclusion that misjoinder has occurred will render it unnecessary for me to address various motions filed by some of the non-Plexus defendants.

**8.** If the plaintiff is correct that its causes of action were triggered by events occurring after April 30, 2001, then there will be no limitations issues in commencing separate lawsuits against the other defendants.