Nicholas Peter CHOCHOS, Debtor.

Yvette Gaff Kleven, Plaintiff,

v.

Lonetta Norkus, et al., Defendants.

Bankruptcy No. 03–12787.
Adversary No. 04–1320.

United States Bankruptcy Court,
N.D. Indiana,
Fort Wayne Division.

May 19, 2005.

Scot Skekloff, Fort Wayne, Indiana, for Plaintiff.

Grant Shipley, Fort Wayne, Indiana, for Defendant.

## DECISION ON MOTION TO DISMISS

ROBERT E. GRANT, Bankruptcy Judge.

The trustee initiated this adversary proceeding by filing a complaint against the recipients of a number of allegedly improper transfers made by the debtor. Only one of the defendants, Voyles, Zahn, Paul, Hogan & Merriman, responded and it did so by filing a motion to dismiss the claims against it—Counts II and III of the complaint—for a variety of deficiencies, including the failure to plead fraud with the particularity required by Rule 9(b) and a misjoinder of claims. It is this motion that is presently before the court.

Count II of the complaint has two components and is really two separate claims. The first is based upon § 548(a)(1)(B) of the United States Bankruptcy Code, 11 U.S.C. § 548(a)(1)(B), and seeks to recover $19,550 paid to Voyles, Zahn between January 13 and May 4, 2003, as having been transferred for less than reasonably equivalent value, while the debtor was insolvent. The second is based upon Indiana law. Through § 544(b), the trustee seeks to avoid unidentified transfers that are avoidable by an actual, although also unidentified, creditor of the debtor as having allegedly been made without adequate consideration.[1] *See*, 11 U.S.C.

---

1. Because Count II is based upon two separate series of transactions—one taking place during the one year prior to the bankruptcy and the other taking place during the four

§ 544(b); I.C. 32–18–2–1, et seq. The motion to dismiss is directed against the second component of Count II. Defendant argues that it fails to plead fraud with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure. The defendant is correct.

■■■■ Rule 9(b) of the Federal Rules of Civil Procedure requires that "the circumstances constituting fraud ... shall be stated with particularity." Although there may be some debate concerning the purpose behind the particularity requirement, *see, Ackerman v. Northwestern Mutual Life Insurance Co.*, 172 F.3d 467, 469–70 (7th Cir.1999), there is broad agreement that to properly plead "the circumstances constituting fraud" requires the plaintiff to "include the identity of the person who made the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." *General Electric Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1078 (7th Cir.1997) (citations and internal quotation marks omitted). This interpretation of the rule is so focused upon misrepresentation because fraud—at least common law fraud—generally arises out of some type of misrepresentation, falsity or intent to deceive. Yet, not all actions that the law characterizes as fraudulent arise out of misrepresentations, and in those situations the concept of particularity must be applied a bit differently. Where, as here, the "fraud" complained of has a statutory basis, the requirements of Rule 9(b) will be satisfied if the elements of the statutory cause of action are stated with sufficient particularity. *General Electric Capital Corp. v. Lease Resolution Corp.*,

128 F.3d at 1079. For a constructively fraudulent conveyance—one made for less than reasonably equivalent value—the complaint will be sufficient if, in addition to such things as the required jurisdictional allegations, it identifies the debt or other basis for plaintiff's right to bring the action, describes the transfers that are being challenged, and alleges insolvency either as a result of or at the time of the challenged transfers. *See, General Electric Capital Corp. v. Lease Resolution Corp.*, 128 F.3d at 1079–80.

■■■ With regard to any claims the trustee is asserting under Indiana law, via § 544(b), to recover transfers occurring during the four years prior to the debtor's bankruptcy, the complaint does not comply with the requirements of Rule 9(b). Although the trustee purports to be asserting avoidance claims that could be brought by an actual creditor of the debtor and alleges the existence of at least one such creditor, neither the creditor whose rights the trustee purports to assert nor the debt that gives rise to the avoidance claims are identified in any fashion whatsoever. Similarly, the transfers the trustee is challenging are not identified in any way, shape or form. Instead, the complaint simply presumes that there were such transfers. Finally, the complaint says nothing about the debtor's lack of solvency at the time of or as a result of the unidentified transfers, and this is a critical element in the recovery of constructively fraudulent conveyances. This claim should be dismissed.

■■■ Count III of the complaint is based upon § 549 of the United States Bankruptcy Code and seeks to recover $30,000 in cash that the debtor allegedly paid to Voyles, Zahn after the date of the petition.

---

years prior to the bankruptcy—they should have been set out in separate counts. *See,* Fed R. Civ. P. Rule 10(b) ("Each claim founded upon a separate transaction or occurrence ... shall be stated in a separate count or defense whenever a separation facilitates the clear presentation of the matters set forth therein.").

As with Count II, the motion to dismiss complains that the allegations concerning this transfer lack the particularity required by Rule 9. Yet, an action to recover unauthorized post-petition transfers under § 549 is not a claim based upon any kind of fraud, whether actual or constructive. Consequently, although this claim has not been pled with particularity the trustee was not required to do so. Instead of the requirements of Rule 9(b), the complaint only needed to satisfy the requirements of Rule 8 and contain a short, plain statement showing that the plaintiff is entitled to relief. Under this standard, a claim will not be dismissed if there is any set of facts the plaintiff could prove, consistent with the allegations in the complaint, which would allow it to recover. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). This is a very difficult test to fail and, not surprisingly, the plaintiff passes. The complaint alleges that the debtor paid Voyles, Zahn $30,000 in cash after the date of the petition, as well as the circumstances under which the transfer was made. It goes on to allege that this payment was not authorized and constitutes an unauthorized post-petition transfer which may be recovered under § 549. One can easily imagine a set of facts consistent with these allegations that would allow the plaintiff to prevail.[2] As a result, this claim is not subject to dismissal.

Defendant's final challenge to the complaint is that there has been a misjoinder of claims in this proceeding, citing Rule 18(a) of the Federal Rules of Civil Procedure which essentially permits a plaintiff to join in a single proceeding as many claims as it may have against an opposing party. Given the language of the rule, it is a bit difficult to see how the trustee's assertion of the estate's multiple claims against Voyles, Zahn in one proceeding constitutes a misjoinder of claims. As they develop their argument, however, it becomes apparent that what Voyles, Zahn is really complaining about is lumping together in a single complaint "fraudulent transfer suits against multiple parties arising out of multiple and distinct transfers...." Memorandum in Support of Motion to Dismiss, p. 5. This is an issue that properly implicates Rule 20 and the joinder of parties, rather than Rule 18 and the joinder of claims. The two rules operate independently of one another. "Joinder of claims under Rule 18 becomes relevant only after the requirements of Rule 20 relating to joinder of parties [have] been met with respect to the party against whom the claim is sought to be asserted." *Intercon Research Associates, Ltd. v. Dresser Industries, Inc.,* 696 F.2d 53, 57 (7th Cir.1982). Consequently, the court's inquiry must focus upon the propriety of the trustee's joining as defendants in a single proceeding not only the movant, Voyles, Zahn, but also Lonetta Norkus, Alliance Home Mortgage and Daimler Chrysler Services North America, LLC.

Rule 20(a) of the Federal Rules of Civil Procedure allows a plaintiff to bring a single proceeding against multiple defendants "if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or

---

**2.** To the extent Rule 9(f) considers averments of time and place to be material for the purpose of testing the sufficiency of a complaint, the only temporal aspect of a claim under § 549 is that the challenged transfer be made after the date of the petition. The trustee's complaint satisfies this requirement. *See, Supreme Wine Co., Inc. v. Distributors of New England,* 198 F.Supp. 318, 320 (D.Mass.1961) ("Rule 9(f) does not require specificity in pleading time and place...."). *See also,* 5A Wright & Miller, Federal Practice & Procedure §§ 1308–1309 (3d ed.2001).

arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." The rule establishes two separate requirements for joinder and both of them must be satisfied for it to be proper. There must be both a common transaction or occurrence giving rise to the defendants' asserted liability *and* a common question of law or fact.[3] *Intercon Research Associates, Ltd. v. Dresser Industries, Inc.*, 696 F.2d at 57; *Mosley v. General Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir.1974); *In re Conners*, 125 B.R. 611, 614 (Bankr.S.D.Cal.1991). As for what constitutes a common transaction or occurrence, this is determined on a case by case basis. It is a somewhat flexible concept that looks to the logical relationship between the events giving rise to the plaintiff's claims, which is interpreted in such a way as to permit all reasonably related claims for relief against different parties to

be brought in a single proceeding. *Mosley v. General Motors Corp.*, 497 F.2d at 1333. Nonetheless, it is not so flexible that courts will permit a single proceeding to be brought against multiple defendants simply because they are all liable to the plaintiff under the same theory or similar causes of action. *In re Nuclear Imaging Systems, Inc.*, 277 B.R. 59, 63 (Bankr. E.D.Pa.2002).

■ The trustee's claims against the different defendants all have a common theme—each of them was the transferee of a transfer made either to or for the benefit of the debtor's wife, Lonetta (Norkus) Chochos. Count I seeks to recover real estate that the debtor transferred to Mrs. Chochos prior to the petition. Counts II through VI seek to recover debts he paid on her behalf, both before and after filing bankruptcy.[4] Each count is directed to and seeks judgment against a single defendant for the transfers it received. There is no assertion that any of the defendants

**3.** Although few cases seem to mention it explicitly, there is actually a third requirement, or perhaps a prerequisite, that should be satisfied before the court embarks upon an examination of the commonality of particular transactions, occurrences, and questions of law or fact. The asserted right to relief must be joint, several or in the alternative. Fed. R.Civ.P. Rule 20(a). If the plaintiff does not seek to hold multiple defendants jointly, severally or alternatively liable for the conduct complained of, but instead seeks separate judgements as to each of them, joinder is not proper. *In re M & L Business Mach. Co., Inc.*, 132 B.R. 433, 435 (Bankr.D.Colo.1991). *See also*, 7 Wright, Miller & Kane, Federal Practice & Procedure § 1654, pgs. 417–20 (3d ed.2001).

**4.** While all of the counts involve transfers to or for the benefit of Lonetta (Norkus) Chochos, she has been named as a defendant only as to Count I. It did not have to be this way. Section 550 allows the trustee to recover an avoidable transfer from either the transferee or the entity for whose benefit the transfer was made. 11 U.S.C. § 550(a)(1). As the beneficiary of the transfers that are the sub-

ject of Counts II through VI, Mrs. Chochos could have been named as a defendant as to those claims as well. Had this been done, any questions concerning the propriety of bringing this action against both her and all of the other defendants would have been less obvious. The trustee would have, apparently, permissibly joined all of her claims against Mrs. Chochos in a single action, alá Rule 18, and then, alá Rule 20, joined the other parties who might also be liable as a result of those same transactions. Yet, allowing this would reverse the analytical order the Seventh Circuit has endorsed, in which the propriety of the joinder of parties is considered before addressing the joinder of the claims against them. *Intercon Research Associates, Ltd. v. Dresser Industries, Inc.*, 696 F.2d at 57. *See also*, 7 Wright, Miller & Kane, Federal Practice & Procedure § 1655, p. 420 (3d ed.2001)(plaintiff may join multiple defendants in a single action only if it asserts at least one claim against each of them that arises out of the same transaction or occurrence).

are jointly, severally, or alternatively liable as a result of the transfers.

■ The common theme that runs through the trustee's claims is not sufficient to connect what are otherwise a series of separate transactions or to supply a reason why these independent claims should logically be tied together. *See, Papagiannis v. Pontikis,* 108 F.R.D. 177, 179 (N.D.Ill.1985). If it were, joinder would require nothing more than a prosecution based upon the same cause of action or legal theory, *see, In re Nuclear Imaging Systems, Inc.,* 277 B.R. at 63–64, and would not also involve an assertion of joint, several or alternative liability. *In re M & L Business Machine Co., Inc.,* 132 B.R. 433, 434–35 (Bankr.D.Colo.1991). In saying this, the court recognizes the trustee's arguments that the claims involve common legal and factual issues and the testimony of the same witnesses at trial. Yet, these considerations are only a part of the analysis Rule 20 requires. Proper joinder requires more than the common questions of law or fact that the trustee emphasizes; the plaintiff must also seek to hold the defendants jointly, severally or alternatively liable as a result of the same transaction or occurrence.

■ What to do when parties have been improperly joined is the subject of Rule 21.

> Misjoinder of parties is not a ground for dismissal of an action. Parties may be dropped or added by order of the court ... at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately. Fed R. Civ. P. Rule 21.

"Thus, if a plaintiff has improperly joined defendants, the [entire] lawsuit is not dismissed; rather, the proper remedy is to dismiss only the misjoined defendants without prejudice to the plaintiff's right to bring suit against them separately." *In re Nuclear Imaging Systems, Inc.,* 277 B.R. at 62. As an alternative to the dismissal of the improperly joined defendants, courts have also severed the original action into the requisite number of separate proceedings, requiring the plaintiff to pay the appropriate filing fee. *In re Conners,* 125 B.R. at 615. In other words, the court has discretion in deciding how it can best respond to the improper joinder of parties. *Intercon Research Associates, Ltd. v. Dresser Industries, Inc.,* 696 F.2d at 56. Dismissing the improperly joined parties is usually the most appropriate response. Nonetheless, in exercising its discretion and choosing between the available options, the court may consider not only the requirements of the rule, but also the nature or obviousness of the misjoinder in light of the efficiencies the rules concerning joinder were designed to promote, and the harm, if any, that might flow from an outright dismissal of the claims asserted by or against the improperly joined parties. The court's goal should be to formulate a response that will encourage litigants to observe the requirements of the rule in the future and which will not tempt them to improperly join parties, yet avoid needlessly complicating the proceedings or undermining the rights of the parties to the litigation.

■ The court should not overlook the plaintiff's failure to comply with Rule 20(a) and do nothing in response to the misjoinder of multiple defendants. Failing to enforce the requirements for joinder will only encourage litigants to ignore the rule because of the possibility that, even if their actions are challenged, the rule might not be enforced. There is no indication that dropping the misjoined parties or dismissing the claims against them will adversely affect the plaintiff's claims, as where, for example, a statute of limitations may have

run while the litigation was pending and bar a separate action. *See, Elmore v. Henderson,* 227 F.3d 1009, 1012 (7th Cir. 2000). These considerations counsel dismissing the improperly joined parties and requiring the plaintiff to begin the litigation against them anew. Yet, in this particular case, starting over would appear to be more trouble than it is worth. This is not a situation in which all the defendants are actively engaged in the litigation and still have before them all of the usual pretrial preparations. Under those situations, the time and trouble associated with requiring the plaintiff to refile its action properly would be relatively minor in relation to all the other activity that can be expected to take place during the litigation. Here, however, three of the four defendants have apparently defaulted. As to them, the action would seem to be all over but for the shouting; all that remains is for the plaintiff to seek and obtain judgments against them by default. The time and effort associated with requiring the trustee to replead her claims, file new actions, reserve summonses and complaints, and then wait for a response from defendants who have already demonstrated that they have no interest in the litigation dwarfs what would otherwise be required to conclude their portions of this action. Under these circumstances, the most appropriate response to the misjoinder of multiple defendants is the one selected by the Bankruptcy Court in *Conners* and to sever this single proceeding into four separate adversary proceedings, one for each of the four different defendants. *In re Conners,* 125 B.R. at 615.

An appropriate order will be entered.