**INTERCON RESEARCH ASSOCIATES, LTD., Plaintiff-Appellant,**

v.

**DRESSER INDUSTRIES, INC., Defendant-Appellee.**

No. 82–1680.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 23, 1982.

Decided Dec. 17, 1982.

**54**

Timothy J. Riordan, Defrees & Fiske, Chicago, Ill., for plaintiff-appellant.

J. Patrick Herald, Baker & McKenzie, Chicago, Ill., for defendant-appellee.

Before BAUER, POSNER and COFFEY, Circuit Judges.

COFFEY, Circuit Judge.

■ This is an appeal from an order of the United States District Court for the Northern District of Illinois, Eastern Division, dismissing the defendant Dresser Industries, Inc., from this action brought for an alleged breach of a commission contract between the plaintiff Intercon Research Associates, Ltd. (hereinafter referred to as "Intercon") and the other defendants Atelier de Mecanique de Clamart (hereinafter referred to as "AMC"), a French corporation, and Roger Orio. Roger Orio is a French citizen and the principal officer and shareholder of AMC. The defendants AMC and Orio allegedly owe the plaintiff Intercon commissions for Intercon's efforts that Intercon claims resulted in AMC securing

Dresser Industries as a customer. The issue presented in this diversity action is whether it was proper for the plaintiff Intercon to join Dresser Industries, (not a party to the commission contract) as a party-defendant in this action in order that the plaintiff might secure an equitable lien on any of Dresser Industries' funds in the United States presently due and owing to either AMC or Orio.[1] The district court ruled that joinder of Dresser Industries, not a party to the principal action but joined only to ensure collection on a potential judgment against AMC and/or Orio, was not proper under Federal Rules of Civil Procedure 20(a).[2] The order of the district court is AFFIRMED.

The plaintiff Intercon alleges that it entered into a contract in 1974 with AMC in which Intercon agreed to use its business acumen and contacts to secure customers in the United States for AMC's "technology, know-how and patents." In return, AMC agreed to pay Intercon a 20 percent commission on any business AMC acquired through Intercon's efforts. In its efforts to locate customers for AMC, Intercon contacted several American firms on AMC's behalf, including the defendant Dresser Industries. Shortly thereafter, Roger Orio, acting on behalf of AMC, entered into negotiations with Dresser Industries. These negotiations resulted in: (1) a contract between Dresser Europe S.A. (Dresser Industries' French subsidiary) and AMC under which AMC agreed to sell, and Dresser Europe S.A. agreed to purchase, "the full ownership of a registered trademark consisting in the appellation 'Robinetterie AMC' " and the "know-how allowing [the trademark's]

---

1. Judge Leighton's order dismissing Dresser Industries from the case was previously appealed to this court. However, the prior appeal was dismissed on the basis that Judge Leighton's order dismissing Dresser Industries was an interlocutory order which was not appealable prior to the entry of a final judgment in the principal action. Following this court's dismissal of the prior appeal, the lawsuit proceeded in the district court and the plaintiff Intercon secured a judgment against the defendants AMC and Orio.

2. Fed.R.Civ.P. 20(a) provides in part:
   "RULE 20. Permissive Joinder of Parties
   "(a) **Permissive Joinder** . . . . All persons . . . may be joined in one action as defendants if there is asserted against them, jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action. . . . "

industrial exploitation"; [3] and (2) a contract between Dresser Industries (Dresser Europe S.A.'s American parent corporation) and Roger Orio pursuant to which Dresser Industries hired Orio as a consultant.

Neither AMC nor Orio have to date paid the commissions allegedly owed to the plaintiff Intercon for securing Dresser Industries as a customer. As a result, the plaintiff Intercon instituted an action in federal district court to collect the commissions allegedly owed by AMC and Orio. Counts I and II of the complaint, which are not at issue in this appeal, seek judgment against AMC and Orio, respectively, for the commission allegedly owed the plaintiff Intercon. Count III of the complaint, the subject of this appeal, seeks "judgment declaring a lien in favor of Plaintiff on any and all sums paid or payable to AMC and/or Orio by Dresser and further to enjoin Dresser from paying any sums to AMC and/or Orio without first paying Plaintiff all sums found to be due." The plaintiff argues the lien was necessary to ensure that Intercon would be able to satisfy any potential judgment it might secure against AMC and/or Orio. The plaintiff contends that without this lien AMC and Orio would be "judgment proof" as these defendants had no assets in the United States and in all probability would transfer any funds received from Dresser Industries to France, beyond the jurisdiction of the district court.

In response to the complaint, the defendant Dresser Industries initially moved to dismiss Count III on the grounds that it failed to state a claim upon which relief could be granted and constituted an unconstitutional prejudgment attachment. On May 1, 1978, Judge Marshall granted the defendant Dresser Industries' motion and dismissed Count III, finding that the plaintiff Intercon's claim against Dresser Industries was in the nature of a creditor's bill, and was controlled by Illinois law which no longer permits the joinder of a creditor's bill to a creditor's principal action.

On May 31, 1978, in open court Judge Marshall stated that his initial dismissal was incorrect and that joinder was proper as a matter of federal procedural law. By minute order, the judge granted the plaintiff Intercon leave to file an amended complaint. After Intercon filed this amended complaint, the defendant Dresser Industries again moved to dismiss Count III, claiming that the remedy sought in Count III violated due process, the attachment procedures prescribed by Illinois law and the rules of joinder set forth in Federal Rules of Civil Procedure 18 and 20.

Before ruling on Dresser Industries' motion, Judge Marshall recused himself from the case and it was reassigned to Judge Leighton, who granted the defendant Dresser Industries' motion to dismiss on January 31, 1979. Judge Leighton characterized the plaintiff Intercon's claim against Dresser Industries as a prejudgment attachment and ruled that the plaintiff could not maintain Count III since the requirements of Illinois attachment procedure had not been met. [4]

In response to a motion by Intercon to reconsider and reverse the ruling, Judge Leighton in an order dated April 4, 1979, reversed his prior ruling and determined that the plaintiff's request for a lien against Dresser Industries was not a prejudgment attachment but was rather in the nature of a creditor's bill which, under Fed. R.Civ.P. 18(b), could "arguably" be joined with Intercon's claims against AMC and

3. There is no direct contractual privity between Dresser Industries (the American parent corporation) and AMC. The defendant Dresser Industries argues that Dresser Industries and Dresser Europe, S.A. are separate and distinct entities and thus Dresser Industries is not accountable for contracts entered into by Dresser Europe. The plaintiff, on the other hand, contends that Dresser Europe was acting solely as a conduit for Dresser Industries and that accordingly Dresser Industries is legally responsible for the contract between Dresser Europe S.A. and AMC. This issue was not ruled on by the trial court, and we refrain from deciding the issue as resolution of the question is not necessary to decide the issue of joinder under Rule 20(a).

4. Judge Leighton did not specify which requirements Intercon failed to satisfy.

Orio. However, with regard to the question of joinder of parties, Judge Leighton concluded that joinder of Dresser Industries was improper because the requirements of Fed.R.Civ.P. 20, relating to joinder of parties, were not satisfied:

"It is well recognized that Rule 20 operates independently of Rule 18; multiple defendants may be joined in a single action only if the plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all. 7 Wright & Miller, Federal Practice and Procedure § 1655, at 280 (1972); 3A Moore's Federal Practice ¶ 20.06, at 2036–2045 (2d ed. 1978). In the case at bar, plaintiff's right to relief against the defendants AMC and Orio arises out of an agency agreement between it and AMC, while any right to relief against defendant Dresser arises, if at all, out of sales and services agreements between Dresser and the foreign defendants to which plaintiff was not a party. The requirements for joinder of parties under Rule 20(a), therefore, are not satisfied as to Dresser."

This appeal, then, focuses on the district court's April 4, 1979 order which dismissed the plaintiff's action against Dresser Industries on the ground that joinder of Dresser Industries as a party was improper under Fed.R.Civ.P. 20(a). On appeal, the plaintiff Intercon contends that Judge Leighton's order was incorrect in several respects. We hold that Fed.R.Civ.P. 20(a) governs this appeal and thus we do not address all of the plaintiff's arguments.

*ISSUE:* Did the district court err in ruling that joinder of Dresser Industries in these circumstances was improper under Fed.R. Civ.P. 20(a)?

## I.

This appeal is from an order finding that joinder of Dresser Industries as a party-defendant was improper under Fed.R.Civ.P. 20(a), which recites:

"Rule 20. Permissive Joinder of Parties

"(a) **Permissive Joinder** . . . . All persons . . . may be joined in one action as defendants if there is asserted against them, jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action . . . ."

■ It is well settled that the district court has wide discretion in deciding whether to dismiss a party as a defendant in a civil action. This court said in *Meyercheck v. Givens,* 180 F.2d 221, 223 (7th Cir.1950): "A reading of Rule 20(a) and (b) of the Federal Rules of Civil Procedure, 28 U.S. C.A., makes it plain that a wide discretion is vested in the trial court relative to the joinder of parties . . . ." The Ninth Circuit in *United States v. Elfer,* 246 F.2d 941, 946 (9th Cir.1957) stated:

"Under Rule 20, Fed.Rules Civ.Proc., adding or dropping parties to a cause is a matter within the discretion of the trial court, and will be reversed on appeal only when there has been a clear abuse of that discretion."

Wright & Miller's treatise on federal civil procedure summarized the rule as follows:

"The grant or denial of a motion to bring or to drop a party lies in the discretion of the judge . . . . The trial court's exercise of discretion will not be disturbed on appeal unless an abuse is shown."

7 Wright & Miller, Federal Practice & Procedure § 1688 (1972). The following three considerations lead us to conclude that in the instant case, the district court acted within its discretion in ruling that joinder of Dresser Industries was improper under these circumstances.

■ First, the district court properly rejected the plaintiff's argument that if the requirements of Rule 18(b) are met with respect to joinder of a certain claim, then *a fortiori* joinder of the party against whom that claim is asserted is permissible under Rule 20(a). Instead, the district court de-

termined that Rule 18(b),[5] which deals with joinder of claims, acts independently of Rule 20(a) which pertains to joinder of parties:

> "Rule 20 deals with joinder of parties and becomes relevant only when there is more than one party on one or both sides of the action. It is not concerned with joinder of claims, which is governed by Rule 18. Therefore, in actions involving multiple defendants Rule 20 operates independently of Rule 18."

7 Wright & Miller, Federal Practice & Procedure § 1654 (1972). Thus, joinder of claims under Rule 18 becomes relevant only after the requirements of Rule 20 relating to joinder of parties has been met with respect to the party against whom the claim is sought to be asserted; the threshold question, then, is whether joinder of Dresser Industries as a *party* was proper under Rule 20(a). Therefore, even if Intercon's claim against Dresser Industries fell within the purview of Rule 18(b), which at best is doubtful, the relevant inquiry was whether the requirements of Rule 20(a) were met with respect to Dresser Industries in the first instance.

Second, the district court held that the requirements of Rule 20(a) were not met with respect to Dresser Industries as Rule 20(a) imposes two specific requirements for the permissive joinder of defendants: (1) a right to relief must be asserted by the plaintiff against each defendant relating to or arising out of the same transaction or series of transactions; *and* (2) some common question of law or fact must be present with respect to all parties in the action (i.e. a common thread). In this case, the trial court determined that the first prong of the foregoing test was not satisfied; i.e., that the plaintiff's request for a lien on Dresser Industries' funds in the United States, allegedly necessary to ensure satisfaction of a potential judgment against AMC and Orio, did not arise from the same transaction or series of transactions as the plaintiff's principal action. Intercon's claims against AMC and Orio are based in privity of contract, as those claims involve written contracts between Intercon and the French defendants. This is not true with respect to Intercon's request for a lien against Dresser Industries as no privity of contract exists between them. Rather, Intercon's dealings with Dresser Industries consisted merely of Intercon contacting Dresser Industries to seek business on behalf of AMC and Orio. In fact, Dresser Industries' relation to Intercon's claim against the principal defendants becomes even more attenuated when considering that AMC did not contract with Dresser Industries, but rather with Dresser's European subsidiary, Dresser Europe S.A. Thus, Intercon's claims against the principal defendants AMC and Orio involve a series of transactions separate and distinct from the events purportedly giving rise to the plaintiff's claim for a lien on the assets of Dresser Industries.[6]

Third, the trial court's decision to dismiss Dresser Industries as a defendant promotes one of the goals of the judicial system, which is to ensure fundamental fairness to all parties. The Ninth Circuit recently noted that, when deciding the question of joinder under Rule 20,

---

5. Fed.R.Civ.P. 18(b) states:

> "(b) **Joinder of Remedies; Fraudulent Conveyances.** Whenever a claim is one heretofore cognizable only after another claim has been prosecuted to a conclusion, the two claims may be joined in a single action; but the court shall grant relief in that action only in accordance with the relative substantive rights of the parties. In particular, a plaintiff may state a claim for money and a claim to have set aside a conveyance fraudulent as to him, without first having obtained a judgment establishing the claim for money."

6. Intercon argues that joinder of Dresser Industries is proper under the holding of *Huntress v. Huntress' Estate,* 235 F.2d 205 (7th Cir.1956), which allowed a plaintiff to join her former husband's trust to an action brought against the deceased husband's estate for breach of the husband's promise to provide support. We reject this argument because (1) the facts of *Huntress* are inapposite to the instant case as *Huntress* was, in essence, a fraudulent conveyance case, and (2) the question of joinder of parties under Rule 20(a) was not even discussed in the *Huntress* case.

"a trial court must also examine the other relevant factors in a case in order to determine whether the permissive joinder of a party will comport with the principles of fundamental fairness." *Desert Empire Bank v. Ins. Co. of North America*, 623 F.2d 1371, 1375 (9th Cir.1980). Requiring Dresser Industries to participate as a defendant in this action would have been unfair for several reasons. There existed no privity of contract between Dresser Industries and Intercon, but rather the contract giving rise to this dispute was between Intercon and the defendants AMC and Orio. In fact, Intercon's dealings with Dresser Industries consisted merely of Intercon contacting Dresser Industries on behalf of AMC and Orio, and there is no evidence that Dresser Industries had acted improperly toward the plaintiff Intercon. Under this fact situation, it would violate principles of fundamental fairness to require Dresser Industries to expend the time and expense of defending in an action brought to merely ensure payment of any judgment rendered against the two principal defendants. Moreover, the plaintiff was not without other legal or equitable remedies to ensure that a potential recovery against AMC or Orio could be satisfied; for example, possibly Intercon could have sought an injunction prohibiting AMC and Orio from removing any assets from the country. Finally, allowing Intercon to join Dresser in this case would disrupt well-established business practices by inviting future attempts to bring into court an unrelated debtor of a defendant, thus subjecting businesses to the burden of having to defend in litigation arising from disputes in which those businesses are not involved in any meaningful way. In summary, Rule 20(a) was designed to allow a plaintiff to join only those parties against whom the plaintiff has a legitimate claim, and not to permit a plaintiff to bring all of a defendant's debtors into a lawsuit.[7]

7. The plaintiff Intercon argues that its action against Dresser Industries is "in the nature of a creditor's bill," while Dresser Industries contends that the plaintiff in fact seeks a prejudgment attachment against Dresser Industries. In light of our decision on the issue of joinder of parties under Rule 20(a), arrived at by looking to the substance of the relief which the

## CONCLUSION

We hold that the district court correctly determined that joinder of Dresser Industries as a defendant was improper as: (1) the party joinder requirements of Rule 20(a) were not met with respect to Dresser Industries, and (2) joinder of Dresser Industries under these circumstances would have been unfair. Accordingly, the order of the district court is AFFIRMED.

plaintiff seeks in Count III, we need not consider this question of legal nomenclature.

