ALKOT INDUSTRIES, INC., Plaintiff,

v.

TAKARA CO., LTD., et al., Defendants.

No. 84 C 6941.

United States District Court,
N.D. Illinois, E.D.

May 8, 1985.

---

Robert Rubin, Friedman & Koven, Chicago, for plaintiff.

Charles G. Call, Allegretti, Newitt, Witcoff & McAndrews, Chicago, for defendants.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Alkot Industries, Inc. ("Alkot") initially sued Takara Co., Ltd. and other defendants (collectively "Takara") for:

1.  a declaratory judgment that a Takara copyright on certain robot watches is invalid;

2.  an injunction to secure the release from United States Customs Service ("Customs") of Alkot-imported watches seized for purportedly infringing on the copyright; and

3.  damages for unfair competition.

Takara counterclaimed for copyright and patent infringement and for unfair competition. Takara now moves under Fed.R. Civ.P. ("Rule") 13(h) for leave to add counterdefendants. For the reasons stated in this memorandum opinion and order, Takara's motion is granted in part but denied in principal part.

## Facts

In late 1983 or early 1984 Takara began marketing a liquid-crystal display watch whose case unfolds into a toy robot. On March 29, 1984 Takara applied for and was issued a United States copyright on the watch.

In June 1984 Alkot decided to begin marketing a robot watch similar to Takara's (Complaint ¶ 11). Alkot says before it made that decision it investigated the copyright, patent and trademark status of the Takara watch and found (*id.* ¶¶ 11–14):

1. Takara had obtained no patent or trademark.

2. Takara's copyright was apparently invalid because some Takara watches had no Notice of Copyright affixed to them.

Alkot also says it communicated with Customs officers and was told Customs knew of no legal impediment to importing Alkot's version of the watch (*id.* ¶ 15).

Immediately after its investigation Alkot bought 100,000 watches from a "manufacturer or source" in Taiwan (*id.* ¶ 16). Takara identifies the Taiwanese manufacturers as Tai Long Microelectronics Corp. ("Tai Long") and Tai Fong Electronic Co., Ltd. ("Tai Fong")(Answer to Complaint and Counterclaims ["Answer"] ¶¶ 29–30). Takara says the watches were shipped by Tai Fuex Industries ("Tai Fuex"), also of Taiwan (*id.* ¶ 31).

In July 1984 Alkot arranged to have the watches shipped into the United States through the Port of Chicago (Complaint ¶ 18). On July 31 Customs seized 41,000 of the watches for claimed infringement of

the Takara copyright (Complaint Ex. E). Alkot promptly brought this action. On August 16 Customs released the watches pursuant to an agreed order and Alkot's posting of a bond.

On September 18, the same day Takara filed its original answer and counterclaims, Takara was awarded a design patent for its watch. Takara's counterclaims accordingly included counts charging design patent infringement, copyright infringement and unfair competition. After this Court then pointed out some pleading flaws, Takara withdrew its answer and counterclaims and filed a new version January 8, 1985.

That new pleading names as counterdefendants Tai Fong, Tai Long, Tai Fuex and Alkot president Alan Kotliar ("Kotliar"), who arranged for Alkot's importation of the watches.[1] Alkot now argues joinder of those counterdefendants would unnecessarily complicate and delay the lawsuit and would cause Alkot to incur substantial additional and needless expenses.

## Joinder Under Rule 13(h)

Rule 13(h) provides:

> Persons other than those made parties to the original action may be made parties to a counterclaim or cross-claim in accordance with the provisions of Rules 19 and 20.

That language must be read in light of the Advisory Committee Note to the 1966 Amendment to Rule 13(h) (which first added the reference to Rules 19 and 20):

> Hereafter, for the purpose of determining who must or may be joined as additional parties to a counterclaim or crossclaim, the party pleading the claim is to be regarded as a plaintiff and the additional parties as plaintiffs or defendants as the case may be, and amended Rules 19 and 20 are to be applied in the usual fashion.

Here the parties (with Takara taking the lead) have ignored that directive, focusing

---

1. In addition Takara added a claim of infringement of a mechanical patent that had been issued in the interim (on November 13, 1984).

much of their discussion on the largely irrelevant issue whether Takara's counterclaims are mandatory or permissive under Rule 13(a) and (b). But Rule 13(h)—and thus the current motion—is concerned with the joinder of *parties*, not claims. For current purposes, then, the counterclaims will be deemed proper as to Alkot,[2] Takara will be treated as a plaintiff, and analysis will be restricted to the joinder of parties under Rules 19 and 20.

### Joinder Under Rule 19 [3]

Rule 19(a) defines the considerations for compulsory joinder (emphasis added):

A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action *shall be joined* if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.

As 7 Wright and Miller, *Federal Practice and Procedure: Civil* § 1614, at 155 points out:

A suit for [copyright or patent] infringement may be analogized to other tort actions; all infringers are jointly and severally liable. Thus, plaintiff may choose those he wishes to sue and is not required to join all infringers in a single action.

*Accord,* 3A Moore & Lucas, *Moore's Federal Practice* ¶ 19.14 [2.–4], at 19–258 (2d ed. 1985).

Takara's counterclaims against Alkot seek damages, injunctions against further infringement and destruction of infringing materials. Analysis of the Rule 19 factors in relation to those claims shows plainly the Rule does not *require* joinder of the counterdefendants to Takara's counterclaims against Alkot:

1. Absence of the proposed counterdefendants cannot impede the granting of complete relief against Alkot and any infringing materials in its possession.

2. Nor can a judgment against Alkot "as a practical matter impair or impede" counterdefendants' ability to protect their interests. Takara's judgment against Alkot and its infringing merchandise alone would have no res judicata or collateral estoppel effect on the activity or merchandise of the unjoined parties (see Restatement (Second) of Judgments 2d ("Restatement") § 34 (1980) and Appendix to this Court's opinion in *United States v. Various Articles of Merchandise,* 600 F.Supp. 1383, 1389–90 (N.D.Ill. 1985), and contrast Restatement § 39, Comment a, illustration 1 and cases cited in Reporter's Note).

3. Finally, a judgment against Alkot alone would not subject it to the risk of incurring double or inconsistent obligations. Takara is the only party that claims to be injured by Alkot's actions.

---

**2.** This assumption should not be viewed as a definitive ruling on that score. Were Alkot to prevail on the cross-claims dealing with the copyright infringement issue:

    1. Takara's patent infringement counterclaim would have to be judged in light of any likelihood Alkot's sales would have antedated issuance of the patents—and hence no patent infringement would have occurred—but for Takara's having caused the watches to be seized by Customs.

    2. Takara's unfair competition counterclaims would likely be unsuccessful for the same reason or reasons its copyright infringement counterclaim had failed.

What that would seem to point to at a minimum (even assuming the added counterclaims will stand against Alkot) is a Rule 42(b) separation of the copyright-related (and perhaps design-patent-related) claims or issues for trial before the other counterclaims.

**3.** This Court must plead guilty to some knocking down of straw men in this area, just as the parties have indulged on the compulsory v. permissive counterclaim subject. Takara's memoranda do invoke only Rule 20 to bring in the new parties. But because Rule 19 would mandate their entry into the case were it applicable, this Court has felt it necessary to explore that possibility.

No absent party could obtain a judgment requiring Alkot to pay a second time damages occasioned by Alkot's infringement of Takara's copyright or patents. Similarly, no absent party could obtain injunctive relief against Alkot inconsistent with that obtained by Takara.

In short the proposed counterdefendants cannot even arguably be deemed indispensable parties to Takara's counterclaim against Alkot under Rule 19.

### Joinder Under Rule 20

■ As n. 3 reflects, Takara calls on Rule 20 as its predicate for joinder of the counterdefendants. Rule 20(a) establishes two requirements for permissive joinder:

> All persons ... may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

Unlike Rule 19, Rule 20(a) gives wide leeway for district court discretion in the shaping of a lawsuit by the addition of new parties. *Intercon Research Associates, Ltd. v. Dresser Industries, Inc.,* 696 F.2d 53, 56–58 (7th Cir.1982). And it is crystal clear the circumstances here call for that discretion to be exercised in principal part in favor of preserving rather than expanding the present party alignment.

With one exception, Takara's memoranda do nothing more than assert in conclusory fashion that the proposed new counterdefendants are being added under Rule 20. Nothing is said as to the *justification* for their being added to this existing lawsuit, except for the undeniable assertion that a manufacturer is an important party to a *patent* infringement suit. Though that point involves some bootstrap lifting (it first adds a patent counterclaim to a suit about copyright infringement, then seeks to add to the existing litigants the manufacturer of the allegedly patent-infringing device), it fairly summarizes some (though not all) of the case law in this area. See *William Gluckin & Co. v. International Playtex Corp.,* 407 F.2d 177 (2d Cir.1969).

■ But that is really beside the mark here. Takara's own counterclaim discloses it is *already* in litigation with manufacturer Tai Long in the Central District of California, *Takara Co., Ltd. v. Halit, et al.,* Civ. No. 84–5238–TJH (JRx). That lawsuit provides Takara the full opportunity for the advantages of core litigation with the manufacturer allegedly infringing Takara's patents, as stated briefly at Takara Mem. 10–11. There is no reason to expand *this* action to embrace a party with whom Takara is already doing battle in its own chosen forum.[4] After all, the normal liberal treatment of the "transaction" and "common question" concepts under Rule 20 has a recognized goal: "to be read as broadly as possible whenever doing so is likely to promote judicial economy." 7 Wright and Miller § 1653, at 276. And judicial economy would be disserved rather than served by Takara's proposed two-step expansion.

■ As for the copyright infringement and unfair competition counterclaims, here too Takara is already engaged in battle with Tai Long on that front in California and is free (see n. 4) to bring related company Tai Fong into that war. It is true a plaintiff can sue the same defendant in different jurisdictions and, subject to certain important limitations, pursue both actions until one reaches judgment. See *Mechanical Systems, Inc. v. Cadre Corp.,* 567

---

**4.** Indeed keeping Tai Long out of this action would *obviate any possible problems of acquiring jurisdiction over it here.* And to the extent Tai Long and Tai Fong are related companies so as to permit the latter to be brought into suit as well (a fact Takara Mem. 10–11 asserts based on "discovery in the California case," see Tai Long's May 1, 1984 letter attached as Ex. B to Takara's Motion [in this case] To Sever and Stay This Action as to Peripheral Defendants and To Reconsider Transfer of This Action as to All Other Parties, submitted Feb. 12, 1985), Tai Fong can at least as easily be added as a defendant in the California action as it may be inserted as a counterdefendant here.

F.Supp. 948 (N.D.Ill.1983) and its discussion of the Seventh Circuit law on that subject. But to the extent that rule calls for expansion of an *existing* litigation that is not essential to the resolution of its *existing* claims, and to the extent this Court has discretion in that respect on "judicial economy" or other grounds, such expansion is rejected here.

Tai Fuex and Kotliar, however, may stand on a different footing on the copyright and unfair competition issues. They may come closer to the normal policy of favoring joinder of parties in a single lawsuit, taking into account the "fundamental fairness to all parties" identified by *Intercon Research,* 696 F.2d at 57–58 as a relevant Rule 20 consideration. Their situations will be considered briefly.

 Tai Fuex was assertedly the company through which Alkot imported the watches. Except for possible arguments as to whether it is subject to personal jurisdiction in this District Court, to insert Tai Fuex as a counterdefendant would not seem to proliferate the issues. Accordingly Tai Fuex may be joined by Takara, but Takara is placed on notice such joinder will not be permitted to interfere with the expeditious resolution of this lawsuit as it began: a copyright and unfair competition dispute between Alkot and Takara.

Kotliar is Alkot's principal executive and is by definition inextricably intertwined with its allegedly tortious activities. Alkot has cited some whiskered Seventh Circuit law for the proposition (Alkot Mem. 9) "that an officer or director of a corporation is not personally liable for the corporation's infringing acts unless it can be shown that he purposefully used the corporation as an instrument for the specific purpose of infringing a patent" (and presumably a copyright as well). *Rex Chainbelt, Inc. v. General Kinematics Corp.,* 363 F.2d 336, 348 (7th Cir.1966); *Weller Manufacturing Co. v. Wen Products, Inc.,* 231 F.2d 795, 801 (7th Cir.1956). That is an overly generous characterization of the actual holdings of *Rex Chainbelt* and *Weller,* which do not really purport to change the general rules

about individual liability in tort. Though Takara's memoranda have dealt with this legal question as unsatisfactorily as they have with all others, this Court believes the appropriate resolution is to allow Kotliar's joinder now, subject to possible later dismissal if the facts and law, as later developed, call for it. Here too, however, Takara is admonished Kotliar's inclusion will not be allowed to divert from the main chance.

*Conclusion*

Takara's motion to add Tai Long and Tai Fong as counterdefendants is denied. Its motion to add Tai Fuex and Kotliar is granted, subject to the caveats expressed in this opinion. Because the proposed amended counterclaim as tendered seeks to add claims as well as parties that pose the problems identified in this opinion, the counterclaims are stricken subject to their being repleaded in conformity with the principles stated here.