Jeanne PACE and Dan Pace, Plaintiffs–Appellants,

v.

TIMMERMANN'S RANCH AND SADDLE SHOP INC., et al., Defendants–Appellees.

No. 14–1940.

United States Court of Appeals, Seventh Circuit.

Argued Oct. 29, 2014.

Decided Aug. 4, 2015.

Robert A. Handelsman, Chicago, IL, for Plaintiffs–Appellants.

David F. Ryan, Patton & Ryan, Chicago, IL, for Defendants–Appellees.

Before RIPPLE, KANNE, and SYKES, Circuit Judges.

RIPPLE, Circuit Judge.

In 2011, Timmermann's Ranch and Saddle Shop ("Timmermann's") brought an action against its former employee, Jeanne Pace, for conversion, breach of fiduciary duty, fraud, and unjust enrichment. It alleged that Ms. Pace had stolen merchandise and money from the company. Ms. Pace filed her answer and a counterclaim in early 2011.

In 2013, Ms. Pace and Dan Pace, her husband, filed a separate action against Timmermann's and four of its employees, Dale Timmermann, Carol Timmermann, Dawn Manley, and Tammy Rigsby (collectively "the individual defendants"). They alleged that these defendants had conspired to facilitate Ms. Pace's false arrest. Ms. Pace alleged that, as a result of their actions, she had suffered severe and extreme emotional distress. Mr. Pace claimed a loss of consortium.

Ms. Pace filed a motion to consolidate these two actions. The court granted the motion with respect to discovery, but denied the motion with respect to trial and instructed Ms. Pace that she should request consolidation for trial after the close of discovery. In the midst of discovery, however, the district court dismissed Ms. Pace's 2013 action after concluding that her claims were actually compulsory counterclaims that should have been filed with her answer to the company's 2011 complaint. Ms. Pace appeals the dismissal of her 2013 action and the court's denial of her motion to consolidate.

We hold that Ms. Pace's claims against parties other than Timmermann's were not compulsory counterclaims because Federal

Rules of Civil Procedure 13 and 20, in combination, do not compel a litigant to join additional parties to bring what would otherwise be a compulsory counterclaim. We also hold that because Ms. Pace's claim for abuse of process against Timmermann's arose prior to the filing of her counterclaim, it was a mandatory counterclaim. We therefore affirm in part and reverse in part the judgment of the district court and remand the case for further proceedings.

# I

## BACKGROUND

### A.

The issues in this case present a somewhat complex procedural situation. For ease of reading, we first will set forth the substantive allegations of each party. Then, we will set forth the procedural history of this litigation in the district court.

### 1.

Timmermann's boards, buys, and sells horses, as well as operates both a ranch and a "saddle shop," in which it sells merchandise for owners and riders of horses. When this dispute arose, Carol and Dale Timmermann managed Timmermann's. Dawn Manley and Tammy Rigsby were employees of Timmermann's.

In its 2011 complaint, Timmermann's alleged that, while employed as a bookkeeper at Timmermann's, Ms. Pace had embezzled funds and stolen merchandise. According to the complaint, beginning at an unknown time, Ms. Pace regularly began removing merchandise from Timmermann's without paying; she would then sell those articles on eBay for her personal benefit. Timmermann's further alleged that it discovered that Ms. Pace was selling items on eBay through a private sting operation.

According to the complaint, in February 2011, a Timmermann's employee discovered some of the company's merchandise in Ms. Pace's car. At this point, Timmermann's fired Ms. Pace. Thereafter, during a review of its records, including the checking account maintained by Ms. Pace, Timmermann's discovered that a check that Ms. Pace had represented as being payable to a hay vendor actually had been made payable to cash. Timmermann's also discovered that, on at least eight occasions, Ms. Pace had utilized the company's business credit card to make personal purchases.

### 2.

In her 2013 complaint, Ms. Pace alleged that her conduct while working at Timmermann's was consistent with its usual course of business. She stated that Timmermann's had a practice of allowing employees to use cash to purchase merchandise at cost or, alternatively, by deducting the merchandise's value from the employee's pay. She maintains that she had purchased the company's merchandise under that established practice. She also alleged that Carol Timmermann, her supervisor, knew that she had sold the company's merchandise at flea markets and never had objected.

Ms. Pace also maintained that she was instructed to write corporate checks out to cash and to note the payee in the check records. Pursuant to those instructions, Ms. Pace had written checks to cash and recorded the payee and purpose of the check in the check records. Ms. Pace further alleged that Carol Timmermann had instructed her to use Carol's credit card, which was used as the corporate credit card, for personal purchases and to reimburse Carol, and not Timmermann's, for those purchases.

According to Ms. Pace's complaint, on February 14, 2011, Dale Timmermann called the Lake County, Illinois, Sheriff's Office and accused Ms. Pace of stealing over $100,000 in merchandise from Timmermann's. On February 14 and 15, Dale Timmermann took affirmative steps to convince the Sheriff's Office to arrest Ms. Pace by stating that Ms. Pace had stolen approximately $100,000 in merchandise and that Ms. Pace had been changing inventory on the computer. Ms. Pace was taken into custody by the Lake County Sheriff's Office on February 15, 2011, and released on February 16.

Following her release from custody, the individual defendants continued to provide the Sherriff's Office with information about Ms. Pace's allegedly unlawful conduct. On March 13, 2012, the State's Attorney brought charges against Ms. Pace premised on the information provided by the company's employees. Ms. Pace was charged with theft, forgery, and unlawful use of a credit card.

### B.

We turn now to the procedural history of this litigation in the district court, a history that produced the situation before us today.

On March 3, 2011, Timmermann's filed its civil complaint against Ms. Pace, alleging conversion, breach of fiduciary duty, fraud, and unjust enrichment. It sought to recover the value of the merchandise and money that Ms. Pace allegedly had stolen. Ms. Pace filed her answer and counterclaims on April 5, 2011.

On February 1, 2013, Ms. Pace and Mr. Pace (collectively "the Paces") filed a complaint against Timmermann's and the individual defendants, alleging that they had conspired to facilitate Ms. Pace's false arrest. Ms. Pace alleged that she had suffered severe and extreme emotional distress; Mr. Pace claimed a loss of consortium. Specifically, the Paces' complaint included seven counts: "false arrest/false imprisonment/in concert liability" (Count I); "abuse of process" (Count II); "intentional infliction of emotional distress" (Count III); "conspiracy to commit abuse of process and intentional infliction of emotional distress" (Count IV); "in concert activity" (Count V); "aiding and abetting abuse of process and intentional infliction of emotional distress" (Count VI); and "loss of consortium" (Count VII).[1] Only four counts, Counts I–III and Count VII, listed Timmermann's as a defendant. The remaining counts were directed at Dale and Carol Timmermann or the other individual defendants.

On March 15, 2013, Ms. Pace filed a motion to consolidate the two cases. On April 2, 2013, the district court consolidated the cases for the purpose of discovery and pretrial practice. The court denied without prejudice the motion to consolidate the cases for trial; it stated that it would rule on a motion to consolidate for trial after discovery.

On May 2, 2013, Timmermann's and the individual defendants moved to dismiss Ms. Pace's action under Federal Rules of Civil Procedure 12(b)(6) and 13(a). They contended that her allegations should have been filed as compulsory counterclaims in the 2011 action. Thereafter, Ms. Pace moved to amend her 2011 counterclaim and to consolidate the cases for trial. The district court set a briefing schedule for the company's motion to dismiss and held Ms. Pace's motion to consolidate in abeyance.

In December 2013, the district court granted the company's motion to dismiss.

---

1. R.1 at 24, 26–30.

The court concluded that Ms. Pace's separate claims were barred because they were compulsory counterclaims that should have been brought in the 2011 action because the claims arose out of the same transaction or occurrence. Noting that her 2013 complaint had indicated that the fear of being indicted caused her emotional distress, the court held that Ms. Pace's claims were in existence when the 2011 action was filed; it therefore rejected Ms. Pace's argument that her abuse-of-process claim was not in existence until she was charged. In the district court's view, the absence of Mr. Pace and the individual defendants from the 2011 action did not preclude the court's conclusion that Ms. Pace's claims were compulsory counterclaims because Mr. Pace and the individual defendants could have been joined in the 2011 action under Federal Rule of Civil Procedure 20.[2]

## II

## DISCUSSION

The Paces now appeal the dismissal of the 2013 action. They concede that Ms. Pace's false arrest and emotional distress claims against Timmermann's were compulsory counterclaims and therefore properly dismissed. They contend, however, that Ms. Pace's claims against the individual defendants and Mr. Pace's claims for loss of consortium were not compulsory counterclaims. They also submit that Ms. Pace's abuse of process claim against Timmermann's did not "exist" when the 2011 action was filed and therefore could not have been a compulsory counterclaim.

"We review *de novo* [a] district court's grant of a motion to dismiss." *Thulin v. Shopko Stores Operating Co., LLC*, 771 F.3d 994, 997 (7th Cir.2014); *see also Transamerica Occidental Life Ins. Co. v.*

*Aviation Office of Am., Inc.*, 292 F.3d 384, 389 (3d Cir.2002) ("[W]e review de novo the District Court's determination that [the] suit should have been pursued as a compulsory counterclaim in the [prior] action.").

### A.

Federal Rule of Civil Procedure 13 governs compulsory counterclaims. Rule 13(a)(1) provides:

*In General.* A pleading must state as a counterclaim any claim that—at the time of its service—the pleader has against an opposing party if the claim:

*(A)* arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and

*(B)* does not require adding another party over whom the court cannot acquire jurisdiction.

The text of this subsection limits the definition of compulsory counterclaim to those claims that the pleader has against *an opposing party;* it does *not* provide for the joinder of parties. Instead, in a later subsection, it expressly incorporates the standards set out for the required joinder of parties under Rule 19 and the permissive joinder of parties under Rule 20. Specifically, subsection 13(h) provides: "Rules 19 and 20 govern the addition of a person as a party to a counterclaim · or crossclaim."

Rule 19 *requires* that a party be joined if, "in that person's absence, the court cannot accord complete relief among existing parties," or if proceeding in the party's absence may "impair or impede the person's ability to protect [his] interest" or "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations." Fed.R.Civ.P. 19(a)(1). In contrast, Rule

---

**2.** Because the court granted the company's motion to dismiss, the court denied Ms. Pace's motion to consolidate without discussion. Ms. Pace filed a motion for reconsideration of the dismissal, which the court denied on April 10, 2014.

20 *allows* for parties to be joined if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all defendants will arise in the action." [3] Fed.R.Civ.P. 20(a)(2).

The district court did *not* hold, and Timmermann's does *not* contend, that the individual defendants named in Ms. Pace's complaint were opposing parties under Rule 13(a) in the 2011 action.[4] Nor does the company's claim that the individual defendants were required parties under Rule 19. Instead, Timmermann's submits that, because the district court *could* have acquired jurisdiction over the individual defendants and *could* have joined them

under Rule 20, it was appropriate to treat Ms. Pace's claims as compulsory counterclaims. In essence, Timmermann's combines the permissive joinder rule under Rule 20 with the compulsory counterclaim requirement in Rule 13 to create a rule for compulsory joinder.

■ The text of the rules, however, do not permit such an arrangement. Timmermann's relies on the text of Rule 13(a)(1)(B), which provides that a claim is not a compulsory counterclaim if it "require[s] adding another party over whom the court cannot acquire jurisdiction." Fed.R.Civ.P. 13(a)(1)(B). From this statement, Timmermann's devises that, because the district court could have exercised jurisdiction over the individual defendants, the claims against them must be brought as compulsory counterclaims.[5] Rule 13,

---

**3.** Rule 20 also allows for the joinder of plaintiffs if "they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction." Fed. R.Civ.P. 20(a)(1).

**4.** Even if Timmermann's had argued that the individual defendants were opposing parties under Rule 13, we would be hesitant to reach that conclusion. *See Transamerica Occidental Life Ins. Co. v. Aviation Office of Am., Inc.*, 292 F.3d 384, 391 (3d Cir.2002) (noting courts have generally limited their interpretation of "opposing party" to three circumstances: "[w]here parties are functionally equivalent . . ., where an unnamed party controlled the litigation, or where . . . an unnamed party was the alter ego of the named party").

**5.** Timmermann's also invites our attention to *Asset Allocation & Management Co. v. Western Employers Insurance Co.*, 892 F.2d 566 (7th Cir.1989). The propositions in that case on which Timmermann's relies, however, are dicta. *See id.* at 571 (noting that, because we concluded that the district court's "opinion [did] not establish that the district court had jurisdiction over Western," "[w]e could stop"); *see also id.* at 575 (Ripple, J., concurring). In any event, it is not clear that *Asset Allocation* supports the company's position.

Our focus in that case was on the effect of the additional counterclaim defendants on the counterclaim. We held that the joinder of additional counterclaim defendants did not make the otherwise compulsory counterclaim permissive. *See id.* at 574 (majority opinion) ("Nor is it material that the counterclaim named additional parties, besides Asset's three partners, as counterclaim defendants."). We noted that "Rule 13(h) allowed [the additional counterclaim defendants] to be joined pursuant to Rule 20(a)." *Id.* Although our opinion does not state that the additional counterclaim defendants already had been joined in the action under Rule 20, it is clear that the court, and the parties, contemplated that they would be joined. *See id.* at 568, 574 (noting that the counterclaim named the additional defendants). We went on to note that, in the event that the court did not have personal jurisdiction over one or more of the additional counterclaim defendants, the counterclaim would be "permissive as to that defendant." *Id.* at 574. Although our opinion indicates that the counterclaims against the additional defendants were compulsory, *see id.; accord* 6 Charles Alan Wright et al., *Federal Practice and Procedure* § 1404 (3d ed. 2010) ("An additional party brought in under Rule 13(h) for the purpose of responding to a counterclaim also becomes an opposing party."), we did not hold that a counterclaim

however, does not *require* the joinder of parties. Its scope is limited to the filing of counterclaims. Although Rule 13(a)(1)(B), like Rule 19, encourages that all claims be resolved in one action with all the interested parties before the court,[6] Rule 13 fulfills this objective by allowing, not mandating, that a defendant bring counterclaims that require additional parties.[7] Whether a *party must* be joined in an action continues to be governed only by Rule 19. Rule 13(a)(1)(B) does not transform Rule 20 into a mandatory joinder rule.

The history of Rule 13 supports our conclusion that Rule 13 does not provide for compulsory joinder. Prior to 1966, Rule 13(h) read:

> When the presence of parties other than those to the original action is required for the granting of complete relief in the determination of a counterclaim or cross-claim, the court shall order them to be brought in as defendants as provided in these rules, if jurisdiction of them can be obtained and their joinder will not deprive the court of jurisdiction of ·the action.

As then written, Rule 13(h) was interpreted as an additional mandatory joinder rule, similar to Rule 19, which required that necessary parties be joined.[8] To correct this use of Rule 13, subdivision (h) was amended in 1966 to provide: **"Joinder of Additional Parties.** Persons other than those made parties to the original action may be made parties to a counterclaim or cross-claim in accordance with the provisions of Rules 19 and 20." In the note accompanying the amendment, the committee noted that Rule 13(h) had previously failed to reference that Rule 20 allows for the permissive joinder of parties. The committee continued:

> The amendment of Rule 13(h) supplies the latter omission by expressly referring to Rule 20, as amended, and also incorporates by direct reference the revised criteria and procedures of Rule 19, as amended. Hereafter, for the purpose of determining who must or may be joined as additional parties to a counterclaim or cross-claim, ... amended Rules 19 and 20 are to be applied in the usual fashion.

Fed.R.Civ.P. 13 advisory committee's note to 1966 amendment.[9] The committee note thus highlights the limited nature of Rule 13, which operates only with regard to claims and does not mandate or otherwise influence the joinder of parties. The rule, supported by its accompanying note, di-

---

would be compulsory against a defendant that was not a party to the litigation.

**6.** *Compare* Fed.R.Civ.P. 13(a)(1)(B), *with* Fed.R.Civ.P. 19(a)(1); *see also* 3 James Wm. Moore et al., *Moore's Federal Practice* § 13.16(2) (3d ed. 1997 & Supp. 2014) (acknowledging the parallels between Rule 13(a)(1)(B) and Rule 19).

**7.** *See* Fed.R.Civ.P. 13 advisory committee's note to 2007 amendment (noting that "a party may state as a permissive counterclaim a claim that does grow out of the same transaction or occurrence as an opposing party's claim even though one of the exceptions in Rule 13(a) means the claim is not a compulsory counterclaim"). The counterclaimant thus can elect to litigate its claim in a separate forum with all required parties or as a per-

missive counterclaim in one forum and as a separate claim in another forum.

**8.** *See, e.g., United Artists Corp. v. Masterpiece Prods., Inc.,* 221 F.2d 213, 216–17 (2d Cir. 1955) (noting that courts require joinder under Rule 13(h) of necessary or indispensable parties).

**9.** *See also* 6 Charles Alan Wright et al., *Federal Practice and Procedure* § 1434 (3d ed.2010) (noting that "the Advisory Committee completely redrafted Rule 13(h) in 1966, making it clear that if a counterclaim or crossclaim has been properly asserted, then any person whose joinder in the original action would have been possible under Rule 20, which deals with permissive joinder, *may* be added as a party to the counterclaim or crossclaim" (emphasis added)).

rects litigants to the framework under Rules 19 and 20, respectively, if they wish to join parties. To hold that Rule 13 compels the joinder of additional parties through the use of Rule 20 would read the term "opposing party" out of Rule 13(a).[10]

Requiring Ms. Pace to bring the claims against the individual defendants as a counterclaim in the initial action might well serve judicial economy, but the Federal Rules of Civil Procedure do not require such a result.[11] The Rules strike a deli-

**10.** Indeed, during the drafting of the amendments to Rule 13, the drafters considered the suggestion that more counterclaims be made mandatory and that "opposing party" be removed from Rule 18. *See* Benjamin Kaplan, *Continuing Work of the Civil Committee: 1966 Amendments of the Federal Rules of Civil Procedure (II)*, 81 Harv. L.Rev. 591, 597 (1968). The drafters replied that "[it] may come to that before long, but rulemakers must not march too far ahead of the parade." *Id.* The drafters never have adopted such an expansive amendment. *See also* Elmo Hunter, *One Year of Our Federal Rules*, 5 Mo. L.Rev. 1, 9 (1940) ("There was some suggestion to the Advisory Committee that all counterclaims of whatever nature, whether arising out of the same transactions or not, be treated as compulsory. Since this would force a party to submit all his claims to a forum of his opponent's choosing, often complicate pleadings, and force a party to choose while he may still be in doubt as to the existence of certain claims and the advisability of litigating them at that time, it was decided best to allow him to use his own judgment as to whether unrelated claims should be pleaded.").

We have recognized that Rule 18, which generally governs the joinder of claims, operates independently from Rule 20. *See Intercon Research Assocs., Ltd. v. Dresser Indus., Inc.*, 696 F.2d 53, 56–57 (7th Cir.1982). In *Intercon*, we affirmed the district court's decision "reject[ing] the plaintiff's argument that if the requirements of Rule 18(b) are met with respect to joinder of a certain claim, then *a fortiori* joinder of the party against whom that claim is asserted is permissible under Rule 20(a)." *Id.* at 56. We recognized "that Rule 18(b), which deals with joinder of claims, acts independently of Rule 20(a) which pertains to joinder of parties." *Id.* at 57 (footnote omitted). "Thus, joinder of claims under Rule 18 becomes relevant only after the requirements of Rule 20 relating to joinder of parties has been met with respect to the party against whom the claim is sought to be asserted." *Id.; see also* Charles Alan Wright et al., *Federal Practice and Procedure* § 1655 (3d ed. 2001) ("Rule 20 deals solely with joinder of

parties and becomes relevant only when there is more than one party on one or both sides of the action. It is not concerned with joinder of claims, which is governed by Rule 18. Therefore, in actions involving multiple defendants Rule 20 operates independently of Rule 18. Indeed, as is discussed more fully elsewhere, both of these rules were amended in 1966 to eliminate language that lower courts had interpreted as restricting the joinder of multiple claims against multiple defendants."); 4 James Wm. Moore et al., *Moore's Federal Practice* § 20.02(6)(a) (3d ed. 1997 & Supp. 2007) ("Rule 18, governing joinder of claims, permits a claimant to assert all claims that it has against a defending party. The claims joinder rule does not require that the claims share a common question or that they be transactionally related. It is, in short, a rule of unlimited *claim* joinder. The permissive party joinder rule, on the other hand, governs *party* joinder, and, as we have seen, imposes requirements of transactional relatedness and commonality. These Rules operate independently, and party joinder is the antecedent inquiry. Once parties are properly joined under Rule 20, *then* Rule 18 permits any claimant to take advantage of its unlimited joinder provision. (emphasis in original) (footnotes omitted) (citations omitted)). This distinction, between claims and parties, is implicit in subsection 13(h) and controls our interpretation of Rules 13 and 20.

**11.** In *Martin v. Wilks*, 490 U.S. 755, 109 S.Ct. 2180, 104 L.Ed.2d 835 (1989), the Supreme Court rejected similar policy arguments. The petitioners contended that "[j]udicial resources will be needlessly consumed" if mandatory intervention was not imposed under Rules 24 and 19. *Id.* at 767, 109 S.Ct. 2180. In rejecting this contention, the Court recognized that it was bound by the Federal Rules, which simply did not require that a party intervene or risk forfeiting their claim. *See id.* at 766–67, 109 S.Ct. 2180. The Court explained that to accept the petitioners' arguments "would require a rewriting rather than an interpretation of the relevant Rules." *Id.*

cate balance between (1) a plaintiff's interest in structuring litigation, (2) a defendant's "wish to avoid multiple litigation, or inconsistent relief," (3) an outsider's interest in joining the litigation, and (4) "the interest of the courts and the public in complete, consistent, and efficient settlement of controversies." *Provident Tradesmens Bank & Tr. Co. v. Patterson*, 390 U.S. 102, 109–11, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968).[12] The rules generally allow for a plaintiff to decide who to join in an action. *See Applewhite v. Reichhold Chems., Inc.*, 67 F.3d 571, 574 (5th Cir. 1995). A plaintiff's interest in structuring litigation is overridden only when the prejudice to the defendant or an absent party is substantial and cannot be avoided. *See* Fed.R.Civ.P. 19(b); *see also Provident Tradesmens Bank & Tr. Co.*, 390 U.S. at 124–25, 88 S.Ct. 733. Otherwise, the

threat of duplicative litigation generally is insufficient to override a plaintiff's interest in this regard.

Indeed, if Ms. Pace had brought her claim before Timmermann's filed suit, she could have chosen to file separate actions against Timmermann's and the individual defendants. *See Temple v. Synthes Corp.*, 498 U.S. 5, 7, 111 S.Ct. 315, 112 L.Ed.2d 263 (1990) (per curiam) (noting that "[i]t has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit"); *see also* Fed.R.Civ.P. 19 advisory committee's note to 1966 amendment (stating that the rule "is not at variance with the settled authorities holding that a tortfeasor with the usual 'joint-and-several' liability is merely a permissive party to an action against another with like liability" and that the "[j]oinder of these tortfeasors continues to be regulated by Rule 20").[13] It

---

at 767, 109 S.Ct. 2180. The Court went on to note "that the system of joinder presently contemplated by the Rules best serves the many interests involved in the run of litigated cases." *Id.* at 768, 109 S.Ct. 2180.

**12.** *See also* John W. Reed, *Compulsory Joinder of Parties in Civil Actions*, 55 Mich. L.Rev. 327, 330 (1957) (stating that "[t]here are three classes of interests which may be served by requiring the presence of additional parties in an action: (1) the interest of the present defendant; (2) the interests of potential but absent plaintiffs and defendants; (3) the social interest in the orderly, expeditious administration of justice").

**13.** We note that, in certain factual scenarios, an additional unnamed counterclaim defendant may be so closely related to the named counterclaim defendant that the unnamed party should be deemed an "opposing party" under Rule 13(a). *See Transamerica Occidental Life Ins. Co.*, 292 F.3d at 390–91. For example, it may have been appropriate to characterize the individual defendants as opposing parties if the district court had found that they had been in privity with Timmermann's. *See id.* at 393 (noting that "there is privity between IIC and the Texas plaintiffs because the Texas plaintiffs assigned IIC their

rights with respect to this litigation"); *see also Avemco Ins. Co. v. Cessna Aircraft Co.*, 11 F.3d 998, 1001 (10th Cir.1993) (holding that a defendant's insurer was an opposing party because "the insurer has controlled the defense in both actions[ and] there is little to commend allowing the insurer to sit idly by during the subsequent litigation, only to bring a separate action against the very same defendant at a later date"). *But see Ponderosa Dev. Corp. v. Bjordahl*, 787 F.2d 533, 536 (10th Cir.1986) (holding that the chief executive officers of savings and loan associations were not opposing parties under Rule 13(a) in an action in which the associations were plaintiffs and counterclaim defendants). We reiterate, however, that Timmermann's does not suggest that the individual defendants were opposing parties under the rule, and the district court did not reach such a conclusion.

Although a broader interpretation of "opposing party" under Rule 13 might further the policy of judicial economy, such an interpretation interferes with a plaintiff's ability to structure litigation in a manner of his choosing. *See Applewhite v. Reichhold Chems., Inc.*, 67 F.3d 571, 574 (5th Cir.1995) ("Generally, permissive joinder of plaintiffs under Federal Rule of Civil Procedure 20 is at the option of the plaintiffs, assuming they meet the requirements set forth in Rule 20."); *Hef-*

makes little sense to *require* Ms. Pace to join the individual defendants under Rule 20 in order to bring all of her claims in the same action when, if she initially had been the plaintiff, she would not have been required to join those same parties.[14]

Timmermann's recognizes that Rule 20 does not *require* a litigant to join additional parties.[15] Therefore, because a party is not *required* to join additional parties under Rules 13 or 20, the district court erred by barring Ms. Pace's claims against the individual defendants and Mr. Pace's claims for failing to join them when she brought her counterclaim.

### B.

■ We turn now to whether the district court appropriately characterized Ms. Pace's claim against Timmermann's for abuse of process as a compulsory counterclaim. Ms. Pace submits that her abuse of process claim did not exist until there was "process" in the form of an information or indictment. She contends that the facts alleged in the 2013 complaint that occurred before she was charged only demonstrated one element of the claim, the defendants' mens rea. "In order to be a compulsory counterclaim, Rule 13(a) requires that a claim ... exist at the time of pleading. ..." *Burlington N. R.R. Co. v. Strong*, 907 F.2d 707, 710 (7th Cir.1990). Thus, "a party need not assert ... a compulsory counterclaim if it has not matured when the party serves his answer." *Id.* at 712.

■ Under Illinois law, "[t]he *only* elements necessary to plead a cause of action for abuse of process are: (1) the existence of an ulterior purpose or motive and (2) some act in the use of legal process not proper in the regular prosecution of the proceedings." *Kumar v. Bornstein*, 354 Ill.App.3d 159, 290 Ill.Dec. 100, 820 N.E.2d 1167, 1173 (2004) (emphasis in

ley v. Textron, Inc., 713 F.2d 1487, 1499 (10th Cir.1983) (noting that the "joinder of defendants under rule 20 is a right belonging to plaintiffs" and that "a defendant can not use rule 20 to join a person as an additional defendant"); 4 James Wm. Moore et al., *Moore's Federal Practice* § 20.02(2)(a)(i) (3d ed. 1997 & Supp. 2014) ("The defendant has no right to insist that the plaintiff join all persons who could be joined under the permissive party joinder rule."); *see also* Richard D. Freer, *Avoiding Duplicative Litigation: Rethinking Plaintiff Autonomy and the Court's Role in Defining the Litigative Unit*, 50 U. Pitt. L.Rev. 809, 826–27 (1989). Interpreting the term "opposing party" broadly would *require* that parties be added under Rule 20, effectively transforming the permissive joinder rule into one of compulsory joinder. As previously noted, Rule 13(h) was amended to correct and avoid such an interpretation.

**14.** *See* James Wm. Moore et al., *Moore's Federal Practice* § 20.02(2)(b)(i) (3d ed. 1997 & Supp. 2013) ("On the other hand, a defendant who files a counterclaim or crossclaim in the pending case is treated as a plaintiff for purposes of permissive party joinder. The Rule puts defendant-claimants on the same footing as original plaintiffs in choosing party structure." (footnotes omitted)).

**15.** One commentator has explained:

In either event, [Rule 20] is a permissive rule. Although universal employment of the permissive party joinder rule, by joining all interested parties, would virtually eliminate duplicative litigation, the plaintiff is not required to join all potential litigants. Moreover, the defendant has no right to insist that the plaintiff join all persons who satisfy the permissive party joinder standard. This is why such parties are referred to as "proper" parties—they may be joined, but need not be. The fact that the plaintiff has the choice of whether (and to what extent) to use the permissive party joinder rule creates tension between a respect for plaintiff autonomy in structuring litigation and the systemic interest in judicial economy. While the permissive party joinder rule embraces plaintiff autonomy, other joinder provisions of the Rules may permit a defendant to override the plaintiff's structuring of the litigation.

4 James Wm. Moore et al., *Moore's Federal Practice* § 20.02(1)(b) (3d ed. 1997 & Supp. 2014) (footnote omitted) (citations omitted).

original). Although neither an indictment nor an arrest is a necessary element to bring an abuse of process claim under Illinois law, a plaintiff is required to plead some improper use of legal process. *See id.* To satisfy this requirement, a plaintiff must plead facts that "show that the process was used to accomplish some result that is beyond the purview of the process." *Id.* In most circumstances, this requirement is met through an arrest or physical seizure of property. *See id.* (noting that "the relevant case law *generally* views an actual arrest or seizure of property as a sufficient fact to state a claim of abuse of process" (emphasis in original)).

■ Ms. Pace was arrested on February 15, 2011. The company's 2011 complaint was filed on March 3, 2011, and Ms. Pace filed her answer and counterclaim on April 5, 2011. Consequently, the only fact not in Ms. Pace's possession at the time she filed her answer was the March 13, 2012 information. Illinois courts are clear, however, that an arrest is sufficient to bring an abuse of process claim. *See id.* Ms. Pace's abuse of process claim therefore matured when she was arrested, which occurred before she filed her responsive pleading. Her failure to raise the abuse of process claim as a counterclaim along with her answer therefore contravenes Rule 13.

Indeed, in alleging an abuse of process, Ms. Pace primarily relies on her 2011 arrest, and not on the fact that she was charged. The complaint alleges that the defendants intentionally injured and caused injury to Ms. Pace by giving "false information to law enforcement and explicitly or implicitly urg[ing] the arrest and/or the indictment of [Ms. Pace]."[16] The complaint makes it clear that Ms. Pace could have brought her claim following her 2011

arrest, and thus, her abuse of process claim matured at that time.

Because we conclude that the district court erred in dismissing both Ms. Pace's claims against the individual defendants and Mr. Pace's claims, we need not address the party's arguments about Ms. Pace's motion to consolidate. The district court will have the opportunity to consider the motion to consolidate on remand.

## Conclusion

We conclude that the district court erred in dismissing the Paces' 2013 complaint in its entirety. Because neither Rule 13 nor Rule 20 provide for compulsory joinder, Ms. Pace's claims against the individual defendants and Mr. Pace's claims for loss of consortium were not compulsory counterclaims. Ms. Pace's abuse of process claim against Timmermann's was in existence when Ms. Pace filed her 2011 answer and counterclaim, and therefore the district court was correct to bar her subsequent abuse of process claim against Timmermann's. The judgment of the district court is therefore affirmed in part and reversed in part and the case is remanded for proceedings consistent with this opinion. Ms. Pace may recover her costs in this appeal.

AFFIRMED IN PART, REVERSED AND REMANDED IN PART.

---

16. R.1 at 25.